# WHEELING.

MONROE ET ALS VS. BARTLETT ET ALS.

W. W. MONROE AND VIRGINIA MONROE, HIS WIFE, AND W. H. MANN, PLAINTIFFS AND APPELLEES *against* E. T. BARTLETT AND FANNY BARTLETT, DEFENDANTS AND APPELLANTS.

Decided July 15th, 1873.

## SYLLABUS.

1. Under the provisions of the Code of this State, a judge of a circuit court has no power or authority to render a decree in vacation, which purports to be final, as to any subject embraced by it.

2. Upon an appeal taken from such a decree as matter of right, under the provision of chapter 135 and sections 1, 2, 3 and 4 of the Code, the appellate court will not dismiss the appeal because the decree was rendered without sufficient authority by the judge, but will take jurisdiction of the cause and decree, so far, and so far

ouly, as to reverse the decree, and remand the cause to the circuit court, there to be proceeded with, and heard and determined according to the rules and usages governing courts of equity in this State.

3. The judge having acted upon the cause prematurely, as well as without proper authority, it is not proper for the appellate court to determine and decree upon the merits of the case, especially as there are infant parties in interest, before the cause is first heard and acted upon by the court below.

The case is stated in the opinion of the Court.

*Sands* and *Hutchinson* for Appellants.

*Lee, Camden* and *Cole* for Appellees.

HAYMOND, President.

This is an appeal from what purports to be, in several most important and material respects, a final decree in a chancery cause, made by George Loomis, Judge of the Circuit Court of Wood county, in chambers and not in Court.

The decree was made by the Judge on the 6th day of July 1872. One of the assignments of error made by the Appellants, is that the decree was entered at chambers. The judge of a circuit court may grant and dissolve injunctions, appoint special receivers in a certain class of causes, and may also in vacation, direct any proper account to be taken in a cause, in a court of his circuit &c. But a judge has no authority to make any final decree, in a pending cause, during vacation. At one time in Virginia, a judge of a circuit or chancery court was not authorized by law to dissolve injunctions during vacation, and during that time the chancery court for the city of Richmond, during term, made an order dissolving a pending injunction, but by another order, made during the same term, directed the order of dissolution not to go out. After the term was ended, and during vacation, the chancellor made this order; 'There is no ground which I am able to discover for the

interference of a court of equity. The case, as it seems to me, was most clearly mistaken, and regarding the order for the injunction as improvident, the dissolution of it at last term was correct, and a copy of the order for it may now go out." In this case it was held by the Court of Appeals of Virginia that; "It is an irregular proceeding in a chancellor to dissolve an injunction in court, with a direction that the order of dissolution should not go out; and then, *in vacation*, to direct that the order should go out. From such an order an appeal lies to the Court of Appeats." See case of Randolph *vs.* Randolph, 6 Rand., 194. In this case Judge Carr said; "From this, it would seem, that the order of dissolution was given *in court*, but its operation suspended by another order, till the case should be considered in the vacation following, and the mandate revived which should give effect to the whole. Had the chancellor the power to act upon the case in vacation? That he cannot dissolve an injunction *in the country* is clear. *That* must be done in court. Yet is not this order, made at Needham, in effect the dissolution? Is it not *that*, which gives life and animation to the order made in Court? Without it, the court order was wholly inefficient; the injunction, to every practical effect, not dissolved; no execution could issue; and I presume, no appeal from the order could be taken; for it was still *sub judice* * * Considering this last order as the one appealed from, it may be asked, has the court the power to grant appeals from such orders. I answer, this court may grant appeals from the dissolution of injunctions; and this order (however irregular) has had this effect."

"When considering the question whether proceedings in error might, or should be brought or not, it should be remembered that there are some errors so obvious and gross, that they render the judgment void, a nullity, collaterally, or in any manner that the question may arise, without a writ of error to reverse it. But even in

such case, error for the reversal of such judgments might be sustained, and that would be the better way, as being more direct and positive.   Errors of this sort are such as exist where there was a failure of jurisdiction in the court; or the want of jurisdiction over the person of the defendant in the judgment, on the account that there has been no service of process, or appearance of the defendant, or that there was no legal cause of action or complaiant."   Powell on Appellate Proceedings, Chap. 6, sec. 6, pages 264 & 265.   In the 112 Chap. of the Code, sec. 11, it is provided that, " All orders and decrees made by a judge out of court in a cause pending in court shall be certified by him to the clerk of the court in which the same is pending, and be entered by such clerk in the proper order book."   The decree appealed from in this cause was certified by the judge, and entered by the clerk of record in the chancery order book as part of the proceedings of the cause.   Of course the 11th sec. of Chap. 113 only refers to such orders and decrees as the judge is authorized by law to make out of court.   A chancery cause can be heard, and final decree rendered therein only in open court, unless there be some consent order made in court in relation thereto, and we do not now determine it to be competent to do so by consent, as the question does not arise here.   The parties are entitled to be heard in open court; they are entitled until the commencement of the term of court to take their depositions, and otherwise to prepare for the hearing of the cause.   At the term of court, parties appear before the court to be heard as their cases are called. They do not appear before the judge in vacation ; they are not expected or required to do so.   If judges in vacation are allowed, at their pleasure, between times to take papers in chancery causes from the clerk's office, and make final decrees therein, and have the clerk to enter them of record, then parties litigant may at any time, at the mere option of the judge, have their causes decided before they are heard as well as before they are ready,

and great injustice and hardship be thereby done. Courts of equity would in this way be converted into courts of injustice and oppression. Chap. 135 of the Code, section 1, and eighth division thereof, provides that a party may appeal as of right, " In any civil case, whether it be an action at law or suit in equity, wherein there is a final judgment or decree." And by the seventh division of said section it is provided that a party may appeal in a case in chancery wherein there is a decree or order granting or dissolving an injunction, or requiring money to paid, or the possession or title of property to be changed.

Upon examination of the authorities cited we think we have jurisdiction, and should take cognizance of the cause upon the appeal so far as to consider the decree, and reverse it, because not made and entered in open court. We also think as the cause was not heard in open court, and the decree there enterd, that the cause should be treated by us, after reversing the decree appealed from, as though it was before us without having been determined or passed upon by the Circuit Court of Wood county, as to the matters decreed in said decree. Each party is entitled to be heard before the Circuit Court upon the questions involved in the cause, and to have the judgment of the Court thereon after such hearing. For ought we can see, by the next term of the Circuit Court of Wood county, after this decree was rendered and entered, the cause might have been changed materially by the taking and filing of additional testimony. This, either party had the right to do prior to the court, but of this right each party has been deprived, so far as we can see by the record, and we must go by the record, especially as there are infant parties deeply interested in the determination of the suit. If we were to examine this cause and determine it upon its merits we might do some of the parties great injustice, as it would prevent them from taking testimony which they have the right to take, if they choose, before the hearing in open court. Besides

if we were to examine the cause on its merits, and be of opinion that justice and equity authorized such decree as was made by the judge, we would be called upon to affirm a decree made in chambers by a judge without authority of laws. In other words we would be called upon to affirm an unauthorized decree. By so doing we think we would establish a precedent which, if followed, might, and doubtless would, result in great injustice and mischief. After due reflection we have determined, for the reasons also stated, that it is our duty to reverse the decree appealed from, and remand the cause to the Circuit Court, with directions to hear and determine the same according to the rules, and usages governing courts of equity in this State.

The decree of the 6th of July 1872, which is appealed from, must therefore be reversed with costs to the Appellants. And this Court proceeding to render such decree as the Court below should have rendered, orders, adjudges and decrees that the cause be remanded to the Circuit Court of Wood county there to be proceeded with, and heard and determined according to the rules and usages governing courts of equity in this state.

HOFFMAN, PAULL and MOORE, Judges, concur in the foregoing opinion.