# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## JOHNSON v. YOUNG, CARSON & BRYANT.

(Absent, JOHNSON, JUDGE).

Decided November 17, 1877.

1. J. files his bill in the circuit court of Wood county, in the fourth judicial circuit, praying an injunction and for relief. The injunction was awarded, the cause removed to the circuit court of Ritchie county, in the second judicial circuit, and various proceedings there taken in the cause. The January term, 1872, of that court was held by the Judge of the fourth judicial circuit instead of the Judge of the second judicial circuit, but no decree or proceedings were had in the cause at that term, so far as the record shows. The Judge of the fourth judicial circuit, after the adjournment of the circuit court of Ritchie county at its January term, in vacation, rendered a final decree in the cause dissolving the injunction and dismissing the bill at the complainant's costs. It concludes, "And by agreement of parties, it is ordered that this decree be entered among the proceedings of the next term of the circuit court of Wood county." At the April term, 1872, of the circuit court of Ritchie, held by its Judge, the Judge of the second judicial circuit, a decree was rendered in the cause, which first recited that at the January term, 1872, of said court, held by the Judge of the fourth judicial circuit, the cause had been argued by counsel, and an agreement and consent was made in open court by the parties thereto, in person and by counsel, that the papers might be taken and the cause decided in vacation, and that any decree so made should be entered in the circuit court of Wood county at its then next term; and that it appeared that said cause was so decided in vacation by said Judge of the fourth judicial circuit, and that his decree had been returned to the clerk of this court setting forth the final decree aforesaid rendered by the Judge of the fourth judicial circuit, and then proceeded to order the papers of the cause to be transmitted to the clerk of

1877.<br>Special Term.

85

the circuit court of Wood county, and that the said decree rendered by the Judge of the fourth judicial circuit in vacation be entered on the chancery order book of the said court, at the next term thereof. At said next term of the circuit court of Wood county, a decree was entered in said cause, which first recited the transmission of the papers in the cause to the clerk of that court. It then proceeded to order the docketing of the cause in that court, and then ordered the said decree of the April term 1872, of the circuit court of Ritchie county to be entered *verbatim*, which was done. HELD:

I. That no order having been made at the January term, 1872, of the circuit court of Ritchie county, that by consent of parties the cause might be decided in vacation, even if that term of the court had been held by the regular Judge of that circuit, his decree in vacation would have been unauthorized and void; it not being decided whether, if such consent order had been made and entered on the record book, a decree rendered in vacation by the regular Judge of that circuit would or would not be void.

II. That on the adjournment of the January term 1872, of the court the judicial power of the Judge of the fourth judicial circuit to render a final decree in this cause ceased; and even if such consent decree that he might decide finally the cause in vacation had been entered, it would have conferred no such power upon him.

III. The recitals made in the decree, entered by the Judge of the second judicial circuit at the April term of the circuit court of Ritchie county, of what occurred in open court at the January term 1872, while the Judge of the fourth judicial circuit was presiding, cannot be regarded as the equivalent of a consent decree, of the January term 1872, to submit the cause in vacation entered *nunc pro tunc*.

IV. The Judge of the circuit court of Ritchie county had no authority to order the decree, which had been made by the Judge of the fourth judicial circuit in vacation, to be entered upon the chancery order book of the circuit court of Wood county.

V. The Judge of the circuit court of Wood county ought not, pursuant to this order of the circuit court of Ritchie county, to have entered this decree made in vacation, and it did not do this when it entered the decree of the circuit court of Ritchie county, which merely recited this decree rendered in vacation.

VI. The appellate court will not dismiss the appeal in this cause, because. the decrees aforesaid were rendered without sufficient authority, but will take jurisdiction of the cause and decrees so far, and so far only, as to reverse these decrees, and remand the cause to the circuit court of Wood county, there to be proceeded with and heard and determined according to the rules and usages governing courts of equity in this State.

VII. It is not proper for the appellate court to determine and decree upon the merits of the cause, as the cause has never been heard or acted upon either by the circuit court of Ritchie county, or the circuit court of Wood county, but only by the Judge of the fourth judicial circuit in vacation, who had no authority to render such decree, or decide the cause.

1877.
Special Term.

Johnson
v.
Young, Carson
& Bryant.

Appeal from a decree of the circuit court of the county of Wood, pronounced in the year 1872, in a cause in chancery then pending in said court, wherein John B. Johnson was plaintiff, and Young, Carson & Bryant and others were defendants, granted upon the petition of said John B. Johnson.

Hon. Thomas W. Harrison, then a circuit Judge, rendered the decree complained of.

GREEN, PRESIDENT, who delivered the opinion of the Court, furnishes the following statement of the case:

To the full understanding of the opinion in this case, it is unnecessary to state the particular character of the case or the facts upon which it was based. The bill was filed in the circuit court of Wood county, on the first Monday in March 1868, by John B. Johnson against Young, Carson, Bryant and others. It prayed that an account be taken of the partnership of Horner and the complainant; that the sheriff of Wood county and certain of the defendants be enjoined from further proceedings to enforce certain judgments, named in the bill; that these judgments might be adjudged satisfied; and for general relief. The cause was moved to the circuit court of Ritchie county, the then judge of the circuit court of

Wood county being one of the defendants in the cause. Demurrers to the bill and answers were filed by several of the defendants. The court overruled the demurrers, and referred the cause to a commissioner, who made his report. A motion was made to dissolve the injunction in the cause at the January term 1872, of the circuit court of Ritchie county, Judge Thomas W. Harrison presiding, the cause was argued by counsel and the parties, and their counsel then consented and agreed in open court, that the papers of the cause might be taken by the Judge, and the cause decided in vacation ; and that any decree made by him should be entered in the circuit court of Wood county at its next term. There is no notice taken of this alleged agreement and consent on the record book of the circuit court of Ritchie county at the January term 1872. And such agreement and consent only appears in the recitals in the decree, rendered by Judge Stuart at the April term 1872. Judge Harrison did render a decree in vacation, which was in these words :

" This cause came on again to be finally heard upon the papers heretofore read, and reports of commissioner filed in this cause, and was argued by counsel. On consideration whereof the injunction heretofore awarded is dissolved and the bill dismissed. And it is further ordered that the defendants, Amiss and Morehead, each recover of complainant, their costs about their defense here expended. And by agreement of parties, it is ordered that this decree be entered among the proceedings of the next term of the circuit court of Wood county.

"T. W. HARRISON."

From the recital of the decree made at the April term 1872 of the circuit court of Ritchie, it appears not only that the decree was rendered in vacation, but also that this decree and Judge Harrison's opinion in the cause were returned by him to the clerk of the circuit court of Ritchie county. It was not entered on the record book

of that county. But at the April term 1872, of the said circuit court of Ritchie county, a decree was entered, whereby it was ordered "that the papers of this cause be transmitted to the clerk of the circuit court of Wood county, and the said decree (that is, this decree rendered in vacation), be entered upon the chancery order book of said court, at the next term thereof." This decree recited not only the giving by the parties and their counsel of their* consent in open court, at the January term 1872, that the judge might take the papers and decide the cause in vacation, and that any decree made by him might be entered in the circuit court of Wood county, at its next term, but also the rendition of said decree in vacation, and the returning of this vacation-decree to the clerk of the circuit court of Ritchie county. The papers and the decree were accordingly transmitted to the clerk of the circuit court of Wood county, which court at its next term on the 29th day of April 1872, entered not the decree of Judge Harrison, rendered in vacation, as the order made by the circuit court of Ritchie county directed, but it did on that day enter an order directing that the cause be docketed in the circuit court of Ritchie county, and then further directed that the decree of the circuit court of Ritchie county, made at the April term 1872 of that court, be entered in the circuit court of Wood county, which was done accordingly in the words of that decree, including all its recitals. An appeal was taken to this court from the said decree by John B. Johnson.

1877.
Special Term.

Johnson,,
v.
Young, Carson
& Bryant.

*John A. Hutchinson,* for appellant:

1st. The decree was made in vacation, and entered in the circuit court of Wood county, without any authority: *Monroe* v. *Bartlett,* 6 W. Va. 441; *Derby's case,* 12 Rep. 114; *Rex* v. *Recorder,* 92 Eng. Com. Law 637; *Regina Rand,* Broom. Leg. Max. 116.

2. The partnership accounts should have been settled:

1877.
Special Term.

Johnson
v.
Young, Carson
& Bryant.

2 Rob. Pr. (old) 1, 2; 5 W. Va. 391; 1 Story Eq. §§459, 671, 678; *Chapman* v. *Koops,* 3. B. & P. 289; *Waters* v. *Taylor,* 2 V. & B. 301; *Baker* v. *Goodair,* 11 Ves. 85; *Fowle* v. *Lawrason,* 5 Pet. 494; *Beckley* v. *Palmer,* 11 Gratt. 633; *Crawford* v. *Thurmond,* 3 Leigh 85; 1 Mad. Ch. 86; *Tyler* v. *Nelson,* 14 Gratt. 214; *Ballard* v. *Callison,* 4 W., Va. 326; *Livingston* v. *Livingston,* 4 Johns. Ch. 294; *Kimberly* v. *Sells,* 3 *id.* 467; *McFarland* v. *Dilley,* 5 W. Va. 135; *May* v. *LeClaire,* 11 Wall. 234. Equity has jurisdiction, because it involves an assignment: *Hawley* v. *Mancius,* 7 Johns. Ch. 174.

3d. There were no exceptions to the commissioner's report; his conclusions are final on the facts: *Kennedy* v. *Baylor,* 1 Wash. 163; *Read* v. *Winston,* 4 H. & M. 450; *Nilkes* v. *Rogers,* 6 Johns. 591; *Green* v. *Weaver,* 1 Simons 404; 2 Mad. Ch. 505, 506; *DaCosta* v. *DaCosta,* 3 P. W. 152.

4th. The partnership assets should be applied to the partnership debts: *Lane* v. *Tidball,* — Gil. 130; *Smith* v. *Flint,* 6 Gratt. 40; *White* v. *Mechanics' Building Association,* 22 Gratt. 248.

5th. No replication to answer is necessary where depositions, as if issue were made up, are taken; *Coal River Navigation Company* v. *Webb,* 3 W. Va. 438; *Martin* v. *Rellehan, ibid,* 480; Code 1860, ch. 181 §4; Code W. Va. ch. 134 §4.


*C. Boggess,* also appeared for appellant.


*Scott & Cole,* for appellees, cited :

Story's Eq. Pl. 271 *et seq.*; 2 Rob. Pr. (old) 278, 279; *Atwell* v. *Ferrell,* 2 Bl. C. C. (U. S.) 40; *Games* v. *Chew,* 2 How. 619; *Oliver* v. *Pliatt,* 3 How. 333; *Fitch* v. *Creighton,* 24 How. 159; Code W. Va. 671; *Morrison* v. *Speer,* 10 Gratt. 228; *Beckley* v. *Palmer,* 21 Gratt. 625; Hilliard on Inj., 232, 240; *Lansing* v. *Eddy,* 1 John. Ch. 49; Groynne on Sheriffs, 473; *Taylor* v.

*Lewis*, 2 J. J. Mar. 400; *Bean* v. *Parker et al.*, 17 Mass. 600; *Hamilton* v. *Matlock*, 5 Blackf. 421; *Remington* v. *Henry*, 6 Blackf. 64; *United States* v. *Lotridge*, 1 McLain 246; *Sergent* v. *George*, 5 Littell 199; *French* v. *Townes*, 10 Gratt. 513; *James River & Kanawha Co.* v. *Littlejohn*, 18 Gratt. 53.

GREEN, PRESIDENT, delivered the opinion of the Court:

In addition to the facts appearing by the record ·in this cause, there are others of which this Court will take judicial notice, which are necessary to the full understanding of this case.

At the institution of this suit, and when it was decided, Wood county constituted a portion of the ninth judicial circuit, of which Judge Loomis was the Judge, Ritchie county constituted a portion of the second judicial circuit, of which Judge Stewart was the Judge, and Thomas W. Harrison, who really decided this cause, was the Judge of the fourth judicial circuit. Judge Harrison, it appears by the record, held the January term of the circuit court of Ritchie county, instead of Judge Stewart, the Judge of that court.

It appears by the recitals in the decree of this cause, made at the April term 1872 (which the record shows was held by Judge Stewart, the Judge of that court), that the parties to this cause, at the January term of said court, in open court, consented that the papers of this cause might be taken and the cause decided in vacation, and that the decree rendered might be entered in the circuit court of Wood county, at its next term. No decree, however, was entered at the January term 1872 of the circuit court of Ritchie county, consenting that this cause might be decided in vacation, and such decree so entered. How Judge Stewart, who held the April term 1872 of the said circuit court, ascertained that the parties gave such consent and agreement as is recited in his decree, in no manner appears. Even this recital does not say that the parties had consented, in open court, at

the January term 1872, that a decree might then be entered and the cause submitted in vacation, or that they consented to the entry of any decree at the January term 1872; so that it is impossible to say from this record that any clerical misprision was made at the January term 1872, whereby the entry of such decree on the record book was omitted.

It was decided in the case of *Monroe et al.* v. *Bartlett et al.*, 6 W. Va. 441, in the language of Judge Haymond, who delivered the opinion of the Court: "A chancery cause can be heard and 'a final decree rendered therein only in open court, unless there be some consent order made in court in relation thereto ; and we do not now determine it to be competent to do so by consent, as the question does not arise." Here, no consent order in relation thereto was made at the January term 1872, nor was it, so far as the record shows, ever understood or agreed that any consent order in relation thereto should be entered at the January term 1872. It may be regarded as questionable whether such a consent order could authorize the regular judge of the circuit to enter a final decree otherwise than in open court, and it seems to me quite clear, that such consent order could not authorize any one to enter such final decree in vacation, except the regular judge of the circuit, even if he could be authorized.

Judge Harrison, when the circuit court of Ritchie county adjourned at the close of its January term, ceased at once to have any judicial functions in Ritchie county; and such consent order could no more authorize him to enter upon a final decree in the cause, than it could authorize any other person who had no judicial functions. Judge Harrison, after the adjournment of the January term 1872 of the Ritchie circuit court, had no authority to decide this cause; had he done so, and put his decree of record on the order book of Ritchie county circuit court, such a decree would have been a nullity. He decided the case and sent the final decree to the clerk

of Ritchie county circuit court, but without directions to put it on the record book.

What effect had the decree entered by Judge Stuart, at the April term 1872, of the circuit court of Ritchie county? The operative part of this decree simply orders the papers of the cause to be transmitted to the clerk of Wood county circuit court, and ordered the decree which Judge Harrison, without any authority, had rendered in vacation, to be entered upon the chancery order book of Wood county. So far as this decree ordered the papers of the cause to be transmitted to the clerk of the circuit court of Wood county, it is entirely regular and within the power of Judge Stuart; but so far as it ordered Judge Harrison's authorized decree, rendered in vacation, to be entered on the chancery book of Wood circuit court, it was not only irregular, but entirely unauthorized by law. The circuit court of Ritchie county clearly had no power, to direct a final decree to be entered on the chancery order book of a county of another circuit. He seems to have derived this authority, as appears from the recitals in the decree, from the supposed consent of the parties to this cause, given in open court at the January term 1872. He was not presiding at that term of the court; and how he learned, that such consent was thus given, does not appear; there is nothing on the records of that term of the court to indicate that such consent was given; and it would seem clear, that neither he nor we can look elsewhere than to the record to ascertain that such consent was given. I cannot think that if the record had shown such consent, that it could have conferred on him such power; and no such consent appearing, it seems to me clear that in making such order he transcended his authority, and such order is therefore a nullity. While in operation therefore as a final decree in the cause, it may be regarded as an adoption by Judge Stuart of the principles upon which was based the decision of Judge Harrison. But if it can be so regarded, it is obvious that these principles were so adopted, merely because

86

they were the conclusions reached by Judge Harrison, and not after an examination of the cause and as a conclusion of his judgment on the merits of the case. And though he may have had the power so to act, yet it is clear that the parties are entitled to the judgment of the court on the merits of the case, and that the court ought not to adopt the views of a person unauthorized to decide in the case; and when he has done so under the supposition that it was right and proper, such action ought not to be permitted to stand. What is the effect of the decree rendered by the circuit court of Wood county at the April term 1872? The operative part of this decree is simply to docket the cause in Wood county, which was clearly within the power of the court, and to order the decree of the circuit court of Ritchie county, at its April term, to be entered on the chancery order book of the circuit court of Wood county This last the court had no authority to do; and if it could be regarded as adopting the principles, which lay at the foundation of the unauthorized decree of Judge Harrison rendered in vacation, it would be liable not only to the objections above stated to the adoption in this manner of these principles by the circuit court of Ritchie county, but to the further objection that Judge Loomis, the judge of the circuit court of Wood county, was a defendant in the cause, and could not sit to decide on its merits a cause, in which he was interested and a party, and which for that reason he had formerly removed to the circuit court of Ritchie county. It may be said, however, that "while a final decree can be rendered only in open court, unless there be some consent order made in open court in relation thereto," and perhaps not even then, yet that a decree dissolving an injunction may be rendered in vacation; and that so much of Judge Harrison's decree as dissolved the injunction in this cause, is not inoperative. But this portion of the decree is also inoperative, being rendered without any authority. Judge Harrison was then the judge of the fourth judicial

circuit, and had no authority in vacation to dis-
solve an injunction in a cause pending in Ritchie
county, which was in the second judicial circuit. Such
an authority to dissolve an injunction is by the statute
expressly confined to " the judge of the circuit in which
the case is pending, wherein the injunction is award-
ed ;" that is, in the present case, to Judge Stuart. And
this statute further directs the order for the dissolution
of the injunction to be directed to the clerk of the said
circuit court, who shall record the same in the order book
·(see amendment to Code of West Virginia, chapter 31,
p. 742). Again, in this case, the record as presented to
us does not show that any injunction was awarded,
though it seems to be regarded in the decrees as though
such injunction was awarded, and it may be a clerical
omission, that such order granting the injunction does
not appear in the record. The decrees of the April
terms of the circuit courts of Ritchie and Wood coun-
ties being in operation as final decrees, the question
arises : has this court jurisdiction to hear an appeal from
these decrees only to reverse them : or should the appeal
be dismissed, no final decree having been rendered in
the court below. This question was maturely considered
by this Court in the case of *Monroe et al.* v. *Bartlett et al.*,
6 W. Va. 441, and this Court then decided that, though
the decree rendered in that case was final and rendered
in vacation ; and though the judge had no authority to
render such decree, yet on an appeal taken therefrom
the appellate court would not dismiss the appeal because
the decree was void, but would take jurisdiction of the
cause and decrees so far, and so far only, as to reverse
the decree and remand the cause to the circuit court,
there to be proceeded with, and heard and determined
according to the rules and usages governing courts of
equity in this State. And this is the course which should
be pursued in this cause. There is even a stronger
reason for pursuing this course in this cause than in that.
For while in that case the decree appealed from was

1877.
Special Term.

Johnson
v.
Young, Carson
& Bryant.

pronounced absolutely void, in this cause it is at least questionable whether the decrees entered in term time by the circuit court of Ritchie county, at the April term 1872, may not be regarded as not entirely inoperative, but as settling the principles of the cause. But as it is obvious on the face of this decree, that the Judge of the circuit court of Ritchie county has never considered or decided this cause or the principles involved in it, on his own judgment; but that said decree was entered simply because the case had been decided by one, who we have seen had no authority to act in the matter, we would be substantially exercising original jurisdiction to decide the case upon its merits. I am therefore of opinion that these decrees should be reversed, and the cause remanded to the circuit court of Wood county.

The decree of the April term 1872, of the circuit court of Ritchie county, must be reversed and annulled, except the portion thereof which ordered the papers of this cause to be transmitted to the clerk of the circuit court of Wood county, which portion of said decree is affirmed. And the decree of the 29th day of April 1872, of the circuit court of Wood county, must also be reversed and annulled, except that portion of it which ordered this cause to be docketed in the circuit court of Wood county ; and the appellant must recover of the appellees M. P. Amiss and J. L. Morehead his costs expended in this Court; and this cause is remanded to the circuit court of Wood county, there to be proceeded with and heard and determined according to the rules and usages governing courts of equity in this State.

Judges HAYMOND and MOORE concurred in this opinion.

DECREES REVERSED.