# CHARLESTON.

## CLARK v. COUNTY COURT.

### Submitted March 1, 1904—Decided March 15, 1904.

1. COUNTY COURT—*Circuit Court—Jurisdiction—Error.*

C. & D. made application to the county court of the county of M. to have corrected certain valuations of their lands, made by a commissioner to re-assess the lands of that county, under chapter 21 of Acts of 1899; and also to have stricken off the valuation added thereto by the board of equilization, alleging that the acts of the commissioner and board were each illegal and void; and praying to be released from the taxes charged against their lands for 1900, upon the valuations ascertained and fixed as aforesaid. The county court refused their application and dismissed it. Applicants then appealed to the circuit court, making the county court a defendant. The circuit court, upon the ap-

peal, reversed the order of the county court; ordered that said.
valuations, and the land books for 1900 be corrected as to ap-
plicants' lands, by taking therefrom the valuation added there-
to by the board of equalization; and released and exonerated
C. & D. from the payment of $1,889.43 of the state, county and
district taxes and levies, charged against said lands for 1900,
$1,049.70 of said sum being county and road levies. To the last.
mentioned judgment, the county court was granted a writ of
error. *Held:* That the county court did not err in refusing the
relief prayed for as aforesaid, because it was without juris-
diction to grant the same; that the circuit court did err in
reversing the judgment of the county court, in correcting said
valuations, and in releasing C. & D. from the payment of said
taxes and levies as aforesaid; and that this Court has jurisdic-
tion upon said writ of error to reverse the judgment of the
circuit court. (p. 284).

Error to Circuit Court, Mercer County.

Action by F. W. Clark, trustee, and others, against the coun-
ty court of Mercer county. Judgement for plaintiffs, and de-
fendant brings error.

                                                    *Reversed.*

J. M. ANDERSON, for plaintiff in error.

A. W. REYNOLDS and J. S. CLARK, for defendants in error..

MILLER, JUDGE:

On the 20th day of February, 1899, the Legislature of this
State passed an act entitled, "An Act to provide for the re-as-
sessment of the value of all the real estate in this State," which
act took effect ninety days after its passage. The law provides
for the appointment, qualification and duties of a commissioner
for each assessment district, in the several counties of the State.
Each commissioner appointed and qualified under the act, was
required, on the first day of April, 1899, or as soon thereafter
as practicable, after receiving the books and instructions to be
furnished to him by the auditor, to proceed to examine, in per-
son, all the atracts of land and town lots, with the buildings and
improvements, if any, thereon, within his district; and upon
such examination, in accordance with his instructions, and the
provisions of the act, to assess the fair cash value thereof. As
soon as the commissioner had completed the assessment in his
district, he was required to make and verify by oath or affirma-

tion, three copies thereof, in the books furnished by the auditor for that purpose, two of which books, he was directed by the statute to file with the clerk of the county court of his county, on or before the first day of January, in the year 1900, and the other, he was required to transmit to the adutior, on or before the first day of April of the same year.

In the county of Mercer, from which this proceeding comes, J. W. Dunnagan, the commissioner to re-assess the lands in that county, was not appointed until April 5, 1900, under said act of 1899. It appears that he did not then have sufficient time to go upon the lands in the county, and make a personal examination thereof; but took for his guide the book showing the re-assessment of said lands in 1890, and also the land book of said county for 1899, and made up his assessments by adopting the lands and the values thereof as charged, and appearing upon said book for 1899; that he made no changes thereof, except to add thereto, the value of any additional buildings placed on the lands, of which he had information; and that the re-assessment of the lands of defendants in error, hereinafter referred to, was made in that way. It also appears that there was no re-assessment of the lands in Mercer county under said Act or otherwise, except that made by Dunnagan. Section 10 of that Act provides for a state board of equalization to consist of four members whose duty it was to correct and equalize the assessments made as aforesaid, between the several counties and assessment districts, if it should appear to them, that the average value of the real estate in any county was either too high or too low. The said board had the right, under the law, to increase or reduce the average value of the real estate in the several counties, and districts thereof, according to the evidence adduced before them, or which might come to their knowledge. It is also shown that the board of equalization increased the valuation of the lands in Mercer county, as fixed by Dunnagan, including the lands of plaintiff, and added thereto twenty-five per cent.

On the 11th day of December, 1900, said E. W. Clark and Joseph I. Doran, trustees of the Flat Top Coal Land Association, made application to the county court of said county of Mercer to have corrected the re-assessment of the lands of said association in that county, made under said act of 1899 as aforesaid, and to have corrected the land book for 1900, in respect to said lands,

which application was docketed, and the prosecuting attorney for the county waived notice thereof, and appeared thereto; and again, on the 16th day of March, 1901, to which time the hearing had been continued, the said applicants, as well as the prosecuting attorney who attended to the interests of the State and county in the matter, appeared in the county court; whereupon said trustees moved the court to correct the land book of Mercer county for the year, 1900, in respect to all of the tracts of land, charged thereon in their names, as trustees aforesaid, and to release and exonerate them as trustees from the payment of twenty-five per cent. of the taxes charged upon all of said tracts of land for the year 1900, upon the ground that said taxes were and are illegal, having been placed thereon, pursuant to the action of the State Board of Equalization, appointed and acting under the provisions of the Act of the Legislature of 1899; and because said taxes were and are based upon the re-assessment of land made in the year 1900 as aforesaid; and upon the ground, that the action of the board of equalization, in placing an increase of twenty-five per cent. in value upon said lands, was and is illegal and void. After hearing the evidence upon the motion, the county court overruled the same; refused to correct the said land book, and declined to release the applicants from any of the taxes charged against them upon said lands as aforesaid for the year 1900. To the action and ruling of the court, said Clark and Doran, trustees, excepted, and, upon their request, the court signed a bill of exceptions in which is certified all of the evidence heard, and the rulings made by it, upon the hearing of the application aforesaid.

From this order of the county court, said Clark and Doran obtained an appeal to the circuit court. The appeal was placed on the record of that court in the name of "E. W. Clark *et al.* surviving trustee, vs. County Court of Mercer County."

On the 15th day of August, 1901, it was heard by the circuit court, the plaintiffs, E. W. Clark and Joseph I. Doran, being present, as well as John M. Anderson, Prosecuting Attorney of Mercer County, who was attending to the interests of the State and county therein. The last mentioned court was of opinion that there had been no re-assessment of the lands in the proceedings mentioned, under the said Act of 1899; that the action of the board of equalization in increasing the valuation of said

lands twenty-five per cent. was and is illegal and void; that such illegally increased value, resulted in the illegal increase of the taxes on the lands of said Clark and others, trustees, to the extent of twenty per cent. and that twenty per cent. of the taxes charged against said lands on the land book for 1900 were and are void.

The order or judgment of the county court was therefore reversed and set aside; and the land book of Mercer County for the year 1900 was ordered to be corrected as to all of the tracts of land, charged thereon in the names of said E. W. Clark and others, trustees, to the extent of twenty per cent. of the taxes charged against said lands; and that said trustees should be and were released and exonerated from the payment of the illegal assessment against them as aforesaid, amounting to twenty per cent. of the taxes charged against said lands for the said year. The taxes, from the payment of which said Clark and others were so released and exonerated were and are as follows: State tax, $262.41; State school tax, $105.03; County levy, $524.85; Road tax, $524.85; Teacher's fund, $524.85; for purchase of school books, $52.47; and Building fund, $419.82. Thereupon the prosecuting attorney moved the court to set aside its said finding and judgment, which it refused to do. The county court, by its prosecuting attorney, then applied for, and was granted, a writ of error and *supersedeas* by this Court to the last mentioned judgment.

Defendants in error contend that the re-assessment by Dunnagan, commissioner as aforesaid, was and is illegal and void, because he was not appointed within the time prescribed by the act, in which the assessment should have been made and completed; that his appointment was after the date on which he was required to begin his work of reassessment; that at the time of his appointment, the life of the act had expired; that the re-assessment so made by him, for these, and the further reason that he did not personally examine the lands, was and is illegal and void; and that, therefore, the action of the board of equalization in increasing and adding twenty-five per cent to the value of the lands, as fixed by said Dunnagan, was and is without jurisdiction, illegal and void.

The Constitution, Art. 10, section 1, provides, that, taxation shall be equal and uniform throughout the State, and all prop-

erty, both real and personal, shall be taxed in proportion to its value, to be ascertained as directed by law. No one species of property from which a tax may be collected shall be taxed higher than any other species of property of equal value.  *  *  *  * In order to carry out this mandate of the Constitution, the Legislature from time to time has enacted suitable laws, providing for the re-valuation and re-assessment of the lands of the State. Such statutes, in their administrative requirements, are generally treated and held by the courts as directory. If, however, by the use of negative words, the statute requires a particular proceeding to be taken in a particular time or manner, and makes it void if not so done, or gives it effect, provided it is so done, or declares that, unless it is so taken, subsequent proceedings shall not be had, or prohibits its being done except at the time the statute prescribes, or if any terms plainly imperative are employed, the intent is clear, and no discretion can be permitted in construction. It is not often, however, that these, or similar words, are met with in the statutes which define official duties under the revenue laws, and the construction of particular provisions must be left for determination in such light as the obvious purpose they were intended to accomplish may afford. *  * No one should be at liberty to plant himself upon the nonfeasance or misfeasance of officers, under the revenue laws, which in no way concern himself, and make them the excuse for a failure on his part to perform his own duty. Cooley on Tax. 479.

While it is not necessary to decide the question, in order to dispose of the present case, yet we are of opinion that the administrative features of the act under consideration are directory; and that the re-valuation and re-assessment of the taxes, charged against the lands of plaintiffs thereunder as aforesaid, were not and are not void; but were and are irregular.

Section 7 of the Act provides that, "Any person feeling himself aggrieved by the assessment of his real estate or other property, as herein provided for, made under the provisions of this act, may, within on year after the filing of a copy of such assessment with the clerk of the county court, apply, by himself or his agent, to the said court for redress, first giving reasonable notice in writing of his intentions to the prosecuting attorney, and stating in said notice the character of the correction he desires. It shall be the duty of the prosecuting attorney, upon being

notified, to attend to the interest of the state at the trial of such application. If upon hearing the evidence offered, the county court shall be of the opinion that there is error in the assessment complained of, or that the valuation fixed by the commisioner is too high or too low, the court shall make such order correcting the assessment as is just and proper. The right of appeal, from any such order made by the county court, shall lie to the circuit court, and may be taken either by the applicant or the state; and in case the applicant, or the state by its prosecuting attorney or agent, desires to take an appeal from such order, the party desiring to take such appeal shall have the evidence taken at the hearing of such application certified by the county court, and such appeal when allowed, by the court or judge in vacation, shall have precedence over all other cases pending in said court."

This provision refers to the assessments made by the commissioners, and not to the acts of the board of equilization, "whose duty it shall be to correct and equalize the assessmemnts so made between the counties and assessment districts." That statute nowhere confers jurisdiction on the county court to review, or alter the work of said board. Under section 94 of chapter 29 of the Code, the county court had no authority to make the change or grant the relief prayed for by Clark and others upon the grounds, urged by them. Therefore, the county court, having no jurisdiction, did not err in dismissing said application. The circuit court, acting as an appellate tribunal under the same law, had no jurisdiction to reverse the action of the county court and release the applicants from the payment of said taxes as hereinbefore stated. The circuit court, therefore should have refused the appeal, and declined to act in the matter.

Can this Court entertain this writ of error? In the case of *Mackin v. Taylor County Court,* 38 W. Va. 338, the Court held that: "A county court is not a party to an appeal taken under section 7, chapter 36, Acts 1891, for re-assessment of lands by a land owner, from the decision of a county court, refusing to reduce the valuation of his land, made by a commissioner under said act, and cannot maintain a writ of error from this Court to the decision of a circuit court upon such appeal." The section of the act of 1891, referred to, provides that the right of appeal from any such order made by the county court shall lie to the circuit court, and may be taken either by the applicant or the

state. In that case, the applicant, Mackin, appealed to the circuit court, and from the judgment of that court which was adverse to her, she obtained a writ of error to this Court, which was dismissed, for want of jurisdiction. The Court, by Brannon, Judge, in part says: "Thus I have shown that there is no act expressly giving a writ of error to this Court on the decision by a circuit court of an appeal from a county court in a matter of correction of an assessment for taxes, and also that no writ of error lies under the general statute, providing for appeals and writs of error." But that case does not govern this writ of error.

The Constitution, Art. 8, section 3, confers appellate jurisdiction on this Court in civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars; * * * and in cases relating to the public revenue, the right of appeal shall belong to the state as well as the defendant. Counties are parcels and sub-divisions of the state. The county courts are the legal representatives of the respective counties for the exercise and discharge of certain delegated governmental functions, among which, are the superintendence and administration of the internal police and fiscal affairs of their counties, under such regulations as may be prescribed by law. Const. Art. 8, section 24. Upon proper application and proof the county court may increase or reduce the valuation of any property charged with taxes within its jurisdiction and release the taxes erroneously assessed thereon. It is thus clothed with authority to deal with the state, and district, as well as the county taxes and levies. The county court of every county shall be a corporation by the name of "The County Court of ————County," by which name it may sue and be sued, plead and be impleaded, and contract and be contracted with. Code, chapter 39, section 1. It would be a solecism to say that the constitution creates the county court and imposes upon it certain duties of which the superintendence and administration of the fiscal affairs of its county, is one; that the statute gives it the right to sue and be sued, plead and be impleaded in the courts; but that it cannot be a party to a tax proceeding, which directly affects and takes from it the revenues of its county. In this case, by the order or judgment of the circuit court, which we must say was and is wholly without jurisdiction, and therefore void, the

state, county and districts in said county of Mercer were and are deprived of $1,889.43 of taxes for 1900; not because the lands upon which the taxes were charged, were not liable for taxes for that year; not because said lands were valued too high, but for the reason, as it is stated, that the commissioner and board of equalization were without authority to fix the valuations. The county court representing directly the said county and road levies, amounting in the aggregate to $1,049.70, was thus deprived, to that extent, of the means with which to pay the creditors of the county; to open and maintain public roads; and to discharge other public obligations.

If we were disposed to adopt a narrow meaning of the constitution and statute, we can nevertheless entertain this writ of error for the purpose of reversing said judgment. The county court was made a party defendant to the "case" (which is a civil case) in the circuit court. The judgment of that court was and is, in legal effect, in favor of the plaintiffs, Clark and others, against the county court for $1,049.70 to be taken from its county and road levies. That judgment was and is void. Where the subject matter in controversy is sufficient, and the bar of the statute has not intervened, the right of a party to a void judgment, or decree, to have the same reviewed and reversed, if prejudiced thereby, is unquestioned. *Moseley* v. *Cocke,* 7 Leigh. 224; *McCoy* v. *Allen,* 16 W. Va. 724; *Railroad Co.* v. *Ryan,* 31 W. Va. 364; *Cook* v. *Dorsey,* 38 W. V. 196, 199.

The judgment complained of, being prejudicial to the plaintiff in error and void, is reversed and set aside; and the said proceeding is dismissed.

*Reversed.*