## DETERMINED BY THE

# SUPREME COURT OF APPEALS

## OF

# WEST VIRGINIA.

---

## CHARLESTON.

STATE *Ex Rel* FORTNEY LUMBER AND HARDWARE COMPANY,

*v.*

THE BALTIMORE AND OHIO RAILROAD COMPANY.

Submitted June 8, 1912.   Decided October 14, 1913.

1. CONTEMPT—*Review.*
   A judgment for contempt of a trial court, consisting of disobedience of its judgment, decree or order, is not reviewable in the appellate court, if the trial court had jurisdiction of the cause in which it rendered, pronounced or entered the violated judgment, decree or order, and did not exceed its jurisdiction in doing so.   (p. 2).

2. SAME.
   But, if such court had not such jurisdiction, or, having it, exceeded its powers in entering the judgment, decree or order, its lack of jurisdiction affords ground for appellate jurisdiction to annul the judgment of contempt.   (p. 2).

3. EMINENT DOMAIN—*Taking Private Property—Injunction.*
   Equity has jurisdiction to enjoin the taking of private personal property for public use without payment of just compensation therefor.   (p. 4)..

4. CONTEMPT—*Parties to Offense—Corporations.*
   A corporation may be a contemnor and punishable as such by fine.   (p. 6).

   (LYNCH, JUDGE, absent).

Error to Circuit Court, Taylor County.

Action by the State on relation to the Fortney Lumber and Hardware Company against the Baltimore & Ohio Railroad

Company, a corporation. Defendant was found guilty of contempt and adjudged to pay a fine, and brings error.

*Writ Dismissed as Improvidently Awarded.*

*B. F. Bailey,* for plaintiff in error.

POFFENBARGER, PRESIDENT:

Having been found guilty of a contempt of court and adjudged to pay a fine of $500.00, the defendant obtained this writ of error to the judgment.

The alleged contempt, disobedience of an injunction order, was one the court could punish summarily, Code, ch. 147, sec. 27, 4th clause.

If the court had jurisdiction of the cause in the general sense of the term and did not exceed its authority in awarding the injunction or rendering the judgment complained of, the writ of error to this Court does not lie, for the statute giving power here to review judgments in contempt cases excepts those consisting of disobedience of judgments, decrees and orders. Code, ch. 160, sec. 4. While this section purports to except all cases of that kind, it must be read in connection with a general principle, authorizing appellate courts to entertain writs of error and appeals for the annulment of judgments rendered and decrees entered without jurisdiction. Want of jurisdiction in the trial court confers appellate jurisdiction. *Freer* v. *Davis,* 52 W. Va. 1; *Clark* v. *County Court,* 55 W. Va. 278. Agreeably to the general rule observed in most, if not all, jurisdictions, the legislature seems clearly to have intended not to give a right of review of judgments for contempt by disobedience to judgments, decrees and orders, and there is good reason for withholding appellate jurisdiction in such cases. Interlocutory orders and decrees, such as preliminary injunction orders, are always correctible by the courts in which they are made, and in all important instances, the law affords an appellate remedy for refusal to make such corrections. There may be an appeal from an order refusing to dissolve an injunction or from an order appointing a receiver. In these instances and some others, the aggrieved parties are not bound to await the final decree,

and in others, not deemed to be of sufficient importance to warrant an appeal therefrom, the errors of the trial court are correctible by an appeal from the final decree. Having these remedies for the correction of interlocutory orders and final decrees, a party ought not to be permitted to attack such decrees by collateral or indirect methods, such as disobedience thereof with a right of review of the judgments imposing the penalties inflicted by the court for disobedience. In requiring him to respect and obey the orders and decrees of the court, the law thus inflicts no hardship. It affords him a remedy for every abuse of authority, and there is no reason why he should attempt to take the law into his own hands and redress his own grievances. But this power of the court to compel obedience to its orders and decrees is subject to an important limitation. It must be within its own jurisdiction and powers. This does not mean that its decrees and judgments must be free from error, for a court having power to decree at all in a given cause may pronounce an erroneous decree without exceeding its powers. Error is not want of jurisdiction. *Coal Co.* v. *Ritz,* 60 W. Va. 395. A judgment for contempt of a void order or decree is a void judgment and cannot be enforced. *Coal Co.* v. *Ritz,* cited. A contempt proceeding for violation of such an order may be prohibited. *Coal Co.* v. *Ritz,* cited. The existence of this remedy does not deny appellate jurisdiction, for there may be an appeal from a void decree or a writ of error to a void judgment. *Clark* v. *County Court,* cited; *McCoy* v. *Allen,* 16 W. Va. 724; *Monroe* v. *Bartlett,* 6 W. Va. 441; *Johnson* v. *Young,* 11 W. Va. 673.

Some of the decisions of this Court may seem to be at variance with the views here expressed. Writs of error have been entertained in several cases similar to this, but the question of appellate jurisdiction, or rather the extent to which the appellate court has jurisdiction and the grounds thereof, seems not to have been discussed. In *State* v. *Fredlock,* 52 W. Va. 232, the jurisdictional question was not raised and the Court seems to have reviewed the judgment generally. However, the main questions discussed in that case pertained to the jurisdiction of the trial court. In *Ruhl* v. *Ruhl,* 24 W. Va. 279, this Court

seems to have based its appellate jurisdiction on proper grounds, and to have observed the distinction here made. In *State* v. *Irwin,* 30 W. Va. 404, the Court seems to have proceeded upon the theory of a want of jurisdiction, holding there was no authority in the court below to punish for contempt an act intended to be prohibited by an injunction which had not yet taken effect, because the condition requiring bond had not been complied with. The distinction is somewhat nice and obscure and both parties and the court at times may have failed to observe it, but it is obviously sound and embodies a wholesome principle.

The relator in the contempt proceeding, the Fortney Lumber and Hardware Company, was the lessee of a certain lot in the city of Grafton, bordering on a certain street over which the plaintiff in error was about to construct its track, making a deep excavation. The bill for the injunction alleges purpose and intent on the part of the railway company, with the permission of the city, to widen the street so as to take a part of the leased lot and a portion of one of the buildings thereon. The purpose of the bill was to prevent this alleged taking of its property, to the extent of the threatened invasion of the leased premises and the buildings, as well as to prevent damages likely to result from the deep excavation to be made in the street. The railway company had not paid the lumber company any compensation for the desired portion of its lease and buildings, nor taken any steps whatever to have the same ascertained, secured or paid. The injunction awarded upon the bill was served upon an agent of the company late in the evening. On the same night, after the service thereof, it entered upon the portion of the street in question, made the excavation and laid its track. Thereupon, at the instance of the plaintiff in the suit, the court awarded a rule against the railway company, reciting the alleged contempt and commanding it to appear and show cause, if any it could, why it should not be punished for disobedience of the order. It tendered an answer, denying knowledge of the injunction and also its validity, on the ground of a defect in the affidavit to the bill. This the court rejected,

deeming it insufficient, found the respondent guilty and imposed the fine.

The allegations of the bill obviously made a case within the jurisdiction of the court. It set forth purpose and intent on the part of the railway company to take a part of the plaintiff's property without having first paid, or secured to be paid, compensation therefor. Ordinarily, private property proposed to be taken for public use is real estate, but personal property is as much within the constitutional guaranty as real estate. *Teter* v. *Railroad Co.,* 35 W. Va. 433; Cooley's Cons. Lim. 756 to 759; Lewis Em. Dom., sec. 62, 413, 728. The building on the property which the bill alleged would be partially taken had been constructed by the lessee at its own expense and with right of removal. In the brief, lack of interest on the part of the plaintiff is charged and insisted upon, because there was a privilege of surrender in the lease. This position is untenable, for there had been no surrender nor any forfeiture or termination in any manner of the plaintiff's interest therein.

Whether there is lack of jurisdiction in the case of violation of an injunction by a person who had no notice of its existence, it is unnecessary to say, and we enter upon no inquiry as to that. The evidence adduced upon the subject of notice amply justified the finding of the court. The railway company had carried its work up to that portion of the street on which the plaintiff's property abutted at the time of the injunction order. Immediately thereafter and in the night time, a large force of men was put to work on that section of the street and the excavation and track laying completed. An agent of the plaintiff, on discovery of this procedure, accompanied by his attorney, sought the principal officers and agents of the company, as well as the foreman of the men engaged in the work, but was unable to find any of them. All the circumstances clearly indicate purpose and intent on the part of the company to complete the construction that night regardless of the injunction as well as knowledge of its existence. The manner in which the work was executed indicated anticipation of legal obstruction thereto and preparation for avoiding it. The agent to whom the copy of the order was delivered by the sheriff intimated his

knowledge of the character and purpose of the paper, and he must have had knowledge of the extensive preparations for night work and the purpose thereof. Nevertheless, he failed to deliver the paper to the superintendent or any other officer or agent in charge of the work of construction. All the circumstances indicate purpose to rely upon lack of formal notice notwithstanding the possession of actual notice.

Lack of power and jurisdiction in any court to adjudge a corporation guilty of a contempt and punish it by fine is urged as ground for reversal. This position is clearly untenable. A corporation through its agents and officers has physical power to violate or disobey the orders of the court, notwithstanding its intangibility. Though the officers and agents are punishable for the act of disobedience, their liability does not preclude liability on the part of the corporation itself. Of course the corporation cannot be imprisoned. This is a physical impossibility, but it is possible and practicable to impose a fine upon it and enforce payment thereof. Accordingly, it has been held, consistently with reason and legal principles, that a corporation may be held guilty of contempt and punished therefor by fine. *Sercomb* v. *Catlin*, 128 Ill. 556; *People* v. *Pendleton*, 64 N. Y. 622; *United States* v. *Railroad Co.*, 6 Fed. R. 237; Cook Corp., sec. 755; 9 Cyc. 23.

A charge of invalidity in the judgment on account of its conditional character is made in argument, but this is unavailing on a writ of error for two reasons. If the judgment is void on account of its form, it is unenforcible and there is no occasion for its reversal. In the second place, as the object of punishment in contempt cases is to compel obedience to the violated order, and to vindicate the dignity of the court, the court may forego the latter and use its power to effectuate the former, and a conditional judgment is very well calculated to produce such result. If the condition is not performed, the judgment necessarily becomes absolute. If, on the other hand, it is performed, the judgment is satisfied. Punishment by fine is much milder than by imprisonment. What can be done in the latter case, can certainly be accomplished in the former, and it is well settled that conditional judgments of imprisonment may

be rendered in contempt cases.    9 Cyc. 52.    At any rate, the
court did not exceed its powers in rendering the judgment, and
the question of jurisdiction is the only one open to us on this
writ.

As the court had jurisdiction, the writ of error will be dis-
missed as having been improvidently awarded.

*Writ Dismissed as Improvidently Awarded.*