*v.*

R. H. MCLANE

(No. 9790)

Submitted April 16, 1946.  Decided May 7, 1946.

*Howard B. Lee* and *R. A. Blessing,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *Ralph M. Hiner* and *Eston B. Stephenson,* Assistant Attorneys General, for defendant in error.

LOVINS, JUDGE:

R. H. McLane was convicted of the offense of involuntary manslaughter in the Intermediate Court of Kana-

wha County, sentenced to pay a fine of five hundred dollars, and to imprisonment in the county jail for a term of twelve months. On petition of defendant, this Court awarded a writ of error to the judgment of the Circuit Court of Kanawha County, affirming the judgment of the trial court.

Defendant was indicted at the January, 1941, term of the Intermediate Court of Kanawha County, for the murder of Carl Burford. He was convicted of murder of the second degree and sentenced accordingly. The verdict was set aside and judgment thereon reversed on writ of error to the Circuit Court of Kanawha County. On the second trial defendant was again convicted of murder of second degree. A writ of error to the judgment rendered in the second trial was awarded by the Circuit Court of Kanawha County, and on hearing by that court the judgment was affirmed. This Court granted a writ of error to review the judgment of affirmance pronounced by the Circuit Court of Kanawha County, and, on hearing, the judgments of the Intermediate and Circuit. Courts of Kanawha County, pronounced in the second trial, were reversed, a new trial awarded, and the case remanded to the Intermediate Court. *State v. McLane*, 126 W. Va. 219, 27 S. E. 2d 604. The third trial resulted in the verdict and judgment, a review of which is sought by this writ of error.

The judgment here considered was rendered May 13, 1944. On defendant's motion, various stays of execution of the sentence were granted, the last stay expiring October 25, 1944. The certificate appended to the transcript of evidence was signed by the Judge of the trial court on the 12th day of October, 1944, and the certificate of the clerk of the trial court, showing that a deposit for costs had been made and that a copy of the petition to the Circuit Court of Kanawha County for writ of error was filed in the said clerk's office, bears the date of October 18, 1944.

The petition for writ of error and supersedeas was filed by order of the Circuit Court of Kanawha County on October 20, 1944. Thereafter the circuit court granted a writ of error and supersedeas to the judgment of the trial court, and on April 23, 1945, the circuit court affirmed the judgment of the Intermediate Court.

For reasons to be stated presently, this Court is precluded from passing on the assignments of error made by defendant in his petition for the writ of error here considered, and, therefore, it is unnecessary to state facts and procedure on which said assignments are predicated.

Although not presented by a formal assignment of error and not discussed in the briefs or oral arguments, the controlling question presented by this record relates to the jurisdiction of the Circuit Court of Kanawha County to award a writ of error and supersedeas to the judgment of the Intermediate Court. As noted above, the jurisdiction of the circuit court is not challenged, but this Court may take cognizance of the lack of such jurisdiction, when, as here, the question fairly arises on the record. *Gapp v. Gapp,* 126 W. Va. 874, 30 S. E. 2d 530. See *Buskirk v. Ragland,* 65 W. Va. 749, 752, 65 S. E. 101; *Cresap v. Kemble,* 26 W. Va. 603, 606.

The Criminal Court of Kanawha County was originally created by Chapter 8, Acts of the Legislature, 1890, Extraordinary Session. Chapter 8 was amended and reenacted by Chapter 87, Acts of the Legislature, 1905. Chapter 87 was amended and reenacted by Chapter 25, Acts of the Legislature, 1907, and, among other changes, the designation of the Criminal Court of Kanawha County was changed to "The intermediate court of Kanawha county." Section 18 of Chapter 25, Acts of the Legislature, 1907, providing for the award of writs of error by the Circuit Court of Kanawha County to judgments of the Indermediate Court, is not affected by any subsequent amendment. Under the provisions of Section 18, a writ of error to a judgment of the Intermediate Court of Kana-

wha County could be awarded by the Circuit Court of Kanawha County, or the Judge thereof in vacation, in accordance with the provisions of Chapter 135 of the Code of West Virginia, then in force, so far as said Code provisions were applicable. With the exception that judgments rendered on appeals to the Intermediate Court from a judgment of a justice, mayor, police court, or police judge, rendered in criminal cases or proceedings, a time limit for presentation of a petition to the circuit court is not specified in said section. But in the Code revision of 1931, the following statute was incorporated: "No petition shall be presented to the circuit court or judge for an appeal from, or writ of error or supersedeas to, any judgment, decree or order rendered or made by such court of limited jurisdiction, whether the state be a party thereto or not, which shall have been rendered or made more than four months before such petition is presented." Code, 58-4-4. On consideration of an analogous question, this Court held that a petition for a writ of error to a judgment of the Court of Common Pleas of Kanawha County could not be received or acted upon by the Circuit Court of Kanawha County, unless presented within four months after the date of the judgment. *Elite Laundry Co. v. Dunn Hospital,* 126 W. Va. 858, 30 S. E. 2d 454.

The pertinent section of Chapter 109, Acts of the Legislature, 1915, creating the Court of Common Pleas is substantially the same as the corresponding section of the Act creating the Intermediate Court of Kanawha County. The reasons stated in *Laundry. Co. v. Dunn Hospital, supra,* are equally applicable and controlling in the instant case, and we can see no reasonable ground on which the two cases may be distinguished. We therefore hold that upon the expiration of four months from May 13, 1944, the verdict and judgment of the Intermediate Court of Kanawha County became final. The Circuit Court of Kanawha County was without jurisdiction to entertain the petition for a writ of error presented October 20, 1944, and was likewise without jurisdiction to

award a writ of error to that judgment or to enter a judgment of affirmance.

Jurisdiction by appellate review of judgments of courts of limited jurisdiction created under authority of Section 19, Article VIII, Constitution of this State, is vested exclusively in circuit courts by said Section 19 and Section 12 of said article. *Robinson v. Railroad Co.*, 80 W. Va. 290, 92 S. E. 441. It follows that a writ of error from this Court to a judgment of a court of limited jurisdiction can not be legally granted. *Robinson v. Railroad Co., supra.* Since there can be no direct review of a judgment of a court of limited jurisdiction by this Court, it is a necessary corollary to that rule that there must be valid and legal review by the circuit court of the judgment pronounced by a court of limited jurisdiction. The judgment of the Intermediate Court of Kanawha County, not having been legally reviewed by the Circuit Court of Kanawha County, this Court cannot consider or resolve any of the questions raised by the assignments of error predicated on the actions of the trial court.

It is a well established rule that this Court may take jurisdiction of a case by writ of error to a void judgment for the sole purpose of adjudicating the invalidity of that judgment. *Monroe v. Bartlett*, 6 W. Va. 441. In the case of *Johnson v. Young, Carbon & Bryant*, 11 W. Va. 673, the rule was stated in the following language: "The appellate court will not dismiss the appeal in this cause, because, the decrees aforesaid were rendered without sufficient authority, but will take jurisdiction of the cause and decrees so far, and so far only, as to reverse these decrees and remand the cause. * * *". See *McCoy v. Allen, et al.*, 16 W. Va. 724, 734; *Clark v. Mercer County Court*, 55 W. Va. 278, 47 S. E. 162; *State ex rel. v. Railroad Co.*, 73 W. Va. 1, 3, 79 S. E. 834. In the instant case the Circuit Court of Kanawha County affirmed the judgment of the trial court, leaving the judgment of the trial court in full force and effect. Accordingly, a formal reversal of the judgment of the circuit court is unnecessary.

The proceedings in the Circuit Court of Kanawha County being void, the judgment of that court is set aside; the judgment of the trial court is held to be final; and this case is remanded to the Intermediate Court of Kanawha County for execution of the sentence pronounced therein.

*Judgment of Circuit Court set aside and case remanded to the Intermediate Court.*