RAFFAELE GUANGIONE, complainant-appellee,

*v.*

FRANCESCO GUANGIONE, defendant-appellant.

[Argued October term, 1924.  Decided January 19th, 1925.]

1. The general rule, subject to but few exceptions, is that if the facts constituting the claim of the complainant for the immediate interposition of the court are controverted under oath by the defendant, the court will not interfere at the initial stage of the case, but the recognized exception to this rule is presented by the supplementary rule that the court will always intervene to protect the *res* from destruction, loss or impairment, and particularly so where it appears that the damage resulting to the complainant by a continuance of the status may prove to be irreparable.

2. *A fortiori* does the necessity for such care, and precaution exist where a receiver is demanded as a matter of preliminary procedure and anterior to the trial of a cause on its merits.

3. Where a seventy-year-old paralytic conveyed all his property to his children under an agreement on their part to pay him $10 a week during his life, and to do other things in the agreement specified, and a bill is filed on his behalf alleging that the agreement had not been kept, and asking to have the deed declared void, and three of the defendants filed answers denying the material allegations of the bill, and a receiver was appointed to collect the rents of the property so conveyed, and the defendants were enjoined from collecting rents and from selling their interest, the order granting the injunction and appointing the receiver should be vacated as not justified until the merits of the case be determined.

On appeal from a decree of the court of chancery.

*Mr. Edwin G. Adams,* for the defendant-appellant.

*Mr. Michael J. Tansey,* for the complainant-appellee.

The opinion of the court was delivered by

MINTURN, J.

Learlike, the complainant, a seventy-year-old paralytic, divested himself of all his possessions, by conveyance, to his

five children, under an agreement, upon their part, to pay him $10 a week for his board during his life, to properly provide for him when sick, to furnish him with sufficient clothing and wearing apparel, and, finally, at his earthly dissolution, to pay for his decent interment, and to remember his earthly resting place in the cemetery by erecting thereon a statue of Saint Leonard, presumably the titular saint of his old Italian home.

His real estate possessions consisted of an improved tract of land in Montclair, which yielded a rental of $172 per month, and a vacant plot which the children sold shortly after the conveyance, and for which they received, net, the sum of $2,600, which they divided among themselves.

It is alleged in the bill that this agreement was not kept; that the complainant was neglected, and that three of the defendants occupied the property, paying no rent, and allowed the taxes, with interest, to stand unpaid, and the necessary repairs to the property to be neglected. The bill seeks to have the conveyance declared void as made for the purpose of defrauding the complainant of his substance and support, upon a false pretense, without competent and independent legal advice, such as the law contemplates as necessary for the proper guidance and protection of one in his enfeebled and dependent mental and physical condition.

Three of the defendants filed answers denying the material allegations of the bill, and upon this factual status, notice was given by complainant of an application for the appointment of a receiver *pendente lite*. As a result of the proceedings had before him, the learned vice-chancellor appointed a receiver to collect the rents of the premises, and enjoined the defendants from collecting or receiving the same, and from selling their respective interests in the *locus in quo*, pending the litigation, and ordered the rents paid to the receiver. From that order this appeal was taken.

It will be observed that when the order was made the issue involved as outlined by the pleadings was undetermined, and that the cause was yet to be heard upon the merits. In such a situation it was declared by this court in an opinion by

Chief-Justice Beasley, in *Citizens Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299,* after a review of the cases, that "the general rule, subject to but few exceptions, is, that if the facts constituting the claim of the complainant for the immediate interposition of the court are contra- verted, under oath, by the defendant, the court will not in- terfere at the initial stage of the case." This declaration of practice was followed in *Brunette* v. *Montclair, 87 N. J. Eq. 338; Harned* v. *Rowand, 74 N. J. Eq. 264; Aldrich* v. *Union Bag, &c., Co., 81 N. J. Eq. 244; McMillan* v. *Kuehnle, 78 N. J. Eq. 251.*

The recognized exception to the absolute enforcement of the rule is presented by the supplementary rule that the court will always intervene to protect the *res* from destruction, loss or impairment, so as to prevent the decree of the court, upon the merits, from becoming futile or inefficacious in operation, and particularly so where it appears that the dam- age resulting to the complainant by a continuance of the status may prove to be irreparable.

The present chief-justice tersely stated, in *McMillan* v. *Kuehnle, 78 N. J. Eq. 253,* that such a resort should not be adopted "unless from the pressure of urgent necessity," citing *Hagerty* v. *Lee, 45 N. J. Eq. 255,* and the present chancellor, in *Aldrich* v. *Union Bag, &c., Co. (ubi supra),* declared, citing the case mentioned, "it has been decided again and again, that a preliminary injunction should not be awarded unless from the pressure of urgent necessity, and also unless the injury to be prevented *pendente lite* will be irreparable."

*A fortiori,* it may be observed, does the necessity for such care and precaution exist, where a receiver is demanded, as a matter of preliminary procedure, and anterior to the trial of the cause, upon its merits, since the effect of such ap- pointment would be to transfer the subject-matter of the controversy from the hands which, in the final analysis, may prove to be its proper legal custodian, and thus *pendente lite* inequitably effectuate a change of legal status, which the result of the final hearing may demonstrate to be unwar- ranted and unjustified. In consonance with this equitable

conception, the present chancellor, in *Aldrich* v. *Union Bag, &c., Co.* (*ubi supra*), observed, "for the same reason that a preliminary injunction will not issue, a receiver *pendente lite* ought not to be appointed" at this incipient stage of the case.

Finally, additional emphasis is given to the impropriety of the order, in the fact that the affidavit annexed to the bill is in the common form, and without that specification of detail substantiating *seriatim* the material allegations of the bill, which requirement has been the invariable practice in equity in this jurisdiction, and without which neither an injunction can properly be issued, nor a receiver appointed. *Youngblood* v. *Schamp*, 15 N. J. Eq. 42; *McMahon* v. *Pneumatic Tire Co.*, 85 N. J. Eq. 547.

For these reasons the order appealed from must be vacated, and the cause remitted to the learned vice-chancellor for further procedure.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Black, Katzenbach, Lloyd, White. Gardner, Van Buskirk, Clark, McGlennon, Kays, JJ. 13.