A bill has been filed seeking the appointment of a receiver upon several grounds of insolvency. An order to show cause was allowed with ad interim restraint and a receiver was appointed (not under the statute but under the inherent power of the court) to conserve the assets until the main case could be disposed of. The bill and affidavits made it appear not *Page 180 
only that the business had been suspended for want of funds, but also that the corporation had already commenced to transport its assets out of the state. This was the adjudged reason for the appointment of the receiver without notice to the corporation.
On the return of the order to show cause, and also on a notice served by the defendant seeking the immediate discharge of the temporary receiver, it was made to appear and not seriously controverted that the defendant is insolvent. Its insolvency dates from at least as far back as March, 1926, when its creditors and stockholders entered into an agreement with it and two allied corporations of other states whose stock is all held by the same persons as hold the stock of the defendant. It was agreed that the then existing creditors would postpone their respective claims for a period of one year, which was subsequently extended for a second year, to any claim for current expenses that should thereafter accrue. These postponed claims were principally held by banks in New York.
In February of the present year the main business of the New Jersey corporation was terminated, and instead of manufacturing, the plant for that purpose was turned into a storage depot. At or about the same time one of the allied companies was permitted to remove some of the defendant's machinery to the State of Connecticut, upon an agreement to return it at any time upon a thirty days' demand.
The question to be resolved is, whether or not under the discretionary power of the court a receiver ought to be appointed, or the present arrangements for winding up its affairs be allowed to continue. When the agreement of 1926 was executed it resulted in the board of directors resigning their duties and powers and vesting the same in a board of five creditors. From that time on, the affairs of the company appear to have been administered exclusively by that unstatutory body. It has considered that the interests of the creditors and stockholders will best be conserved by a sale of the New Jersey assets, and with that in view it is said that a contract has been formulated with, or through, the chamber *Page 181 
of commerce of Lambertville, which the creditors' committee intended to lay before the stockholders of the defendant for their approval or rejection.
It seems to me that the corporation should be disfranchised and its estate administered by a receiver. There are many circumstances which bring me to such a conclusion. Besides, being hopelessly insolvent, the managers of the company, whether it be the board of directors or the irresponsible and extra-legal committee of creditors, have brought the normal activities of the company to an end. It is no longer the useful entity which the state permits to be organized for the part it plays in our industries and commerce. Assets to which its creditors should be able to look, have been transported beyond the jurisdiction of the court, at a time when those creditors may greatly need recourse thereto. A great air of secrecy has been thrown around the affairs of the defendant. Over a period of weeks the receiver has vainly sought access to the books of the corporation in order that notices might be sent to all creditors of the hearing on the return of the order to show cause. There is no way of telling with any feeling of assurance that no local creditors will subsequently appear, only to find that the resources of their debtor have been carried away.
It must be remembered that this is not the case of an unfortunate corporation whose managers are openly and honestly attempting to fulfill their duties under the thirty-first section of the act. Much stress is laid upon what I said in Bijur v.Bijur Motor Appliance Co., 1 N.J. Mis. R. 218. The difference between the two cases is marked. In that case the machinery had already been put in motion to effect a voluntary dissolution of the company there involved, in accordance with the provisions of the statute. There was no question of the fair and equitable treatment of all creditors, who are the special beneficiaries of our Corporation act, as well as the public. Pierce v. OldDominion, c., Co., 67 N.J. Eq. 399; Gallagher v. Asphalt Co.,65 N.J. Eq. 258. Neither does this case come within that class where the corporation is shown as having weathered unusual conditions of adversity and to be *Page 182 
about to emerge from the storm intact and with smooth water just before it.
In Aldrich v. Union Bag and Paper Co., 81 N.J. Eq. 244, the chancellor felt that under the special circumstances of that case no injunction should go or receiver be appointed. But it is impossible to see any analogy between that case and the facts presented in the one at bar. The chancellor distinctly called attention to the fact that it was not a bill filed under the sixty-fifth section of the Corporation act but one addressed to the inherent power of the court. All the other cases cited, such as Guangione v. Guangione, 97 N.J. Eq. 303, were suits involving the practice of allowing temporary injunctions in whichCitizens' Coach Co. v. Camden Horse Railroad Co., 29 N.J. Eq. 299,
was followed.
The defendant has offered to deposit a fund sufficient to pay the claim of the complainant (which it disputes) if the appointment of a receiver is refused. The difficulty with acting upon that proposal is, that this proceeding no longer is a private affair between the complainant and defendant, but one with a public interest. Pierce v. Old Dominion, c., Co.,supra. The Pierce Case is also authority to meet the position taken by at least one of the counsel appearing for the defendant, namely, that the appointment of a receiver at this time would, in effect, be a complete disposition of the entire case in advance of the final hearing. The hearing upon the return of the order to show cause in this statutory action is the final hearing. The legislature has set up an expeditious, summary proceeding so that the creature of the state which we call a corporation shall be speedily stripped of the rights conferred upon it by the state when it no longer meets the requirements imposed upon it. As Vice-Chancellor Stevens pointed out in the last-mentioned case and in a number of utterances in other cases, complete opportunity is then afforded the parties to produce any proofs that are available, no surprise is tolerated and, if necessary, witnesses are examined and cross-examined in open court, as is frequently done.
McMullin v. McArthur Electric Manufacturing Co., 73 N. *Page 183 J. Eq. 527, is of no avail to the defendant, because while Vice-Chancellor Leaming commented on the paucity of the proofs submitted, he said that he felt sufficient had been shown to make it certain the creditors of that company would be paid. Of course, my entire trouble is a fear that the creditors of the defendant in the case at bar may not be taken care of unless a receiver is appointed.
In the case of Sternberg v. Wolff, 56 N.J. Eq. 555, a very different picture was presented to Vice-Chancellor Pitney. To use the language of the syllabus, "the business of the company was being conducted by the president in strict accordance with the corporate scheme, in full volume, and with the usual profit to the stockholders."
It is said that there are no New Jersey creditors, but it is significant that every effort of the receiver to secure the books of the corporation has been frustrated, until it was too late either to secure a list of the creditors or an examination of the books that would have disclosed there are no creditors resident in this state. Had any creditors been found, either at home or abroad, notice could have been given to them, and the receiver could have had the benefit of such knowledge as they may have of the defendant's affairs.
I will advise an order disabling the defendant and appointing a receiver. If counsel are unable to agree upon the terms thereof, I will settle the same, on notice. *Page 184