# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤,

## ROLLINS *v.* FISHER *et al.*

Decided December 23, 1880.

(MOORE, JUDGE, Absent.)

1880
Special Term.

Rollins
v.
Fisher *et al.*

1. A judge of a circuit court has no power or authority to render a decree in vacation which purports to be final as to any subject embraced by it.

2. Where a judge of a circuit court makes a decree in vacation dissolving an injunction upon notice and motion, which by law he is authorized to do in a proper case, if in such decree of dissolution he proceeds further and decrees in the cause as to other matters involved therein, over which he has no jurisdiction to hear and determine in vacation, the Appellate Court, on determining that the injunction was erroneously dissolved by the judge in vacation upon the motion to dissolve, will not proceed to adjudicate as to such other matters, but will simply reverse the whole decree and overrule the motion to dissolve, and remand the cause to the circuit court for such further proceedings therein to be had, as are in accordance with the principles and rules governing courts of equity.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Jackson, rendered on the 7th day of April, 1876, in a cause in said court then pending, wherein Benjamin Rollins was plaintiff, and Henry J. Fisher and others were defendants. Allowed upon the petition of said Rollins.

Hon. Joseph Smith, judge of the seventh judicial circuit, pronounced the decree appealed from.

The facts of the case are sufficiently stated in the opinion of the Court.

*Henry C. Flesher*, for appellant, cited:

6 W. Va. 441; Acts, 1872–3, p. 56, §1.

*Charles E. Hogg*, for appellees.

HAYMOND, JUDGE, announced the opinion of the Court:

Judge Moore was present and sat as a member of this Court when this cause was heard and submitted to the Court for decision. Since that time Judge Moore has considered the case and prepared an opinion covering most of the principles involved in the cause, as it stands before us. Judge Moore is not now present in Court at the decision of the cause. But prior to his leaving the Court he furnished the other members of the Court now present with the opinion prepared by him, which opinion we have modified in some respects and enlarged in others, and thus modified and enlarged we have adopted as our opinion in this case, so far as necessary now to express an opinion or to decide. It is as follows:

On the 3d day of July, 1852, Rollins executed a deed of trust on certain property to secure Fisher the sum of $400.00 evidenced by the single bill of Rollins of same date. Fisher afterwards, April 30, 1875, required Benjamin Wright, surviving trustee, to advertise and sell the premises pursuant to the terms of said trust-deed, and said Wright accordingly advertised the same to be sold June 7, 1875. On the 14th day of May, 1875, Rollins obtained from Judge J. M. Jackson of the circuit court of Wood county, an order of injunction inhibiting said Fisher and Wright from selling said property under the trust; Fisher, at rules held in the clerk's office of the circuit court of Jackson county, filed his answer to the injunction bill of Rollins, and at the same time

moved to dissolve the injunction; and on the 31st day of March, 1876, Fisher caused notice to be served on Rollins that on April 7, 1876, at chambers, in vacation, in Point Pleasant, Mason county, he would move the judge of the circuit court of said Jackson county to dissolve said injunction. On the 7th day of April, 1876, in vacation, said injunction was by the said judge dissolved by the following decree:

" This day this cause came on to be heard upon the bill and exhibits filed therewith, the separate answer of defendant, Henry J. Fisher, and the exhibits filed therewith, the general replication thereto, and upon the depositions taken in said cause, and upon the motion to dissolve the injunction granted in this cause on the 14th day of May, 1875, by the Hon. J. M. Jackson, judge of the fifth judicial circuit, made at the September term, 1875, of the circuit court of Jackson county, and upon the notice executed on the plaintiff, Benj. Rollins, on the 31st day of March, 1876, of this motion, and being argued by counsel for the defendant, the court upon mature consideration is of opinion that the motion be sustained. It is therefore adjudged, ordered and decreed that the said injunction heretofore granted in this cause be and the same is dissolved; and it appearing to the court from the evidence in this cause, that the trustees in the deed of trust from the plaintiff to Joshua Staats and Benjamin Wright, trustees, have departed this life —one before the institution of this suit and the other since—it is further adjudged and decreed that George J. Walker be and he is hereby appointed a special commissioner in the room and stead of said Staats and Wright, trustees as aforesaid, to sell the property in the trust-deed marked exhibit ' A ' and filed with plaintiff's bill, according to the provisions and requirements of said exhibit, after advertising the time, terms and place of sale according to the requirements of said deed upon the following terms, to-wit: one-half of the purchase-money cash, the balance upon a credit of six

months, the purchaser giving bond with security.  It is

further adjudged, ordered and decreed that the said defendants do recover from the plaintiffs their costs about their proceedings in this behalf expended, including a docket-fee of twenty-five dollars ; and that unless the plaintiff, or some one for him, do within twenty days ·from this date pay to the said defendant, Henry J. Fisher, the one half of the amount due upon said trust and his costs as aforesaid, then said commissioner shall proceed to carry out this decree."

The Supreme Court of Appeals awarded Rollins an appeal from and *supersedeas* to said decree upon his petition assigning the following grounds of error:

" 1st. The said judge sitting at chambers, and in the vacation of the circuit court of said county of Jackson, had no authority to appoint a commissioner in the room and stead of the trustees named in the said trust deed, and the petitioner says that there is error therein.

" 2d. That it was error in the said judge, then and there sitting at chambers in the vacation of the circuit court of said county of Jackson, to pronounce the decree of the 7th day of April, 1876, because the same is a final decree and adjudicated the principle of the cause."

Chapter 17, sec. 1, clause 7, Acts 1872-3, authorizes an appeal "in a case in chancery, wherein there is a decree or order dissolving an injunction, or requiring money to be paid, or the possession or title of property to be changed." Therefore the granting of the appeal was not improvident, but authorized by the law. It seems to me without now discussing the pleadings and evidence that the court erred in dissolving the injunction upon the motion to dissolve at the time it did. The evidence, filed by the plaintiff in connection with the lapse of time tends to prove, that the debt in the bill mentioned has been paid or satisfied, though there is evidence on the part of defendant Fisher tending to prove otherwise. And I think, as the case stands upon the pleadings and evidence, the court should refer the

1880
Special Term.

· Rollins
v.
Fisher *et al.*

case to a commissioner to ascertain whether the debt has been paid or satisfied in settlement of accounts or otherwise, in whole or in part, and if so, how. Under the state of the case the action of the judge 'in dissolving the injunction, I think, was premature, though it may appear on the coming in of the report of the commissioner that it may be proper to dissolve the injunction. Of course I do not mean to be understood as intimating what the evidence proves on either side, but only that under the evidence the case is one proper for reference to a commissioner. It may become proper at a future stage of the cause for the court to direct an issue in the cause to be tried by jury, but of course that will depend on circumstances upon the coming in of the report of the commissioner.

Under the principles laid down by this court in *Monroe et al.* v. *Bartlett et al.*, 6 W. Va. 441, the grounds of error assigned in this cause are well taken, and are Syllabus 1. fatal to the decree, because a judge of the circuit court has . no power or authority to render a decree in vacation, which purports to be final as to any subject embraced by it; and upon an appeal taken from such a decree the appellate court will not dismiss the appeal because the decree was rendered without sufficient authority by the judge, but will take jurisdiction of the cause and decree, so far only, as to reverse the decree, and to remand the cause to the circuit court, there to be proceeded with, heard and determined according to the rules and usages governing courts of equity in this State, because it is not proper for the appellate court to determine and decree upon the merits of the case, before the cause is first heard and acted on by the court below.

It is unnecessary to determine now whether the decree in the case at bar is a final decree in all its aspects. It strikes me that it is not a final decree in the cause, though it purports to be on some subjects. The decree however adjudicates principles in the cause, other than those involved in a motion to dissolve an injunction and pro-

ceeds much further than to dissolve it. The judge upon the motion to dissolve after dissolving the injunction proceeded to do things which the circuit court in term might do, but which the judge of the court in vacation has no authority to do with us, as is manifest from the face of the decree. See case above cited and also *Johnson* v. *Young, Carson & Bryant*, 11 W. Va. 673.

The decree complained of, made by the judge in vacation, goes beyond the dissolution of the injunction, and adjudicates the merits of the cause; directing the property to be sold by George G. Walker, who is thereby appointed a special commissioner for the purpose. It claims to have appointed Walker such commissioner because it appeared from the evidence that the trustees were both dead. The decree directs said Walker "to sell the property in the trust-deed," "according to the provisions and requirements" thereof, "upon the following terms, to wit: *One half of the purchase-money cash,* the balance upon a credit of six months, the purchaser giving bond with security," thus changing the terms of the trust; it also gave costs against Rollins, including $25.00 docket-fee. Whilst it may be possible that the terms of the decree are more favorable than those of the deed to Rollins, yet upon the abstract principles of the law, and being governed by the precedents and rules governing such cases in courts of equity in this State, this Court cannot decide upon the merits of the case, involved in those parts of the decree other than the order of dissolution of the injunction upon the motion to dissolve.

For the reasons above stated the decree complained of must be reversed, with costs to the appellant. And this Court proceeding to render such decree in the cause as the judge of the said circuit court should have rendered upon the motion to dissolve the injunction heretofore awarded in this cause, made before the judge of said circuit court in vacation, it is ordered, that said motion be overruled, until it shall be otherwise ordered by said circuit court; and it is further adjudged, ordered and de-

1880
Special Term.

Rollins
v.
Fisher *et al.*

Syllabus 2.

creed, that this cause be remanded to the said circuit court with instructions and directions that such further proceedings be had therein as may be in accordance with the principles settled in this opinion, and further according to the rules and principles governing courts of equity.

JUDGES GREEN AND JOHNSON CONCURRED.

DECREE REVERSED. CAUSE REMANDED.