SARAH S. ALDRICH et al.

v.

THE UNION BAG AND PAPER Co. et al.

[Decided April 19th, 1913.]

1. A preliminary injunction will not be awarded against a corporation and its officers and directors, nor will a receiver *pendente lite* be appointed directing them forthwith to hand over to such receiver the management and conduct of the company's affairs, in a suit prosecuted by complainants as stockholders of the company and holding a very small proportion of its stock, to wit, six thousand six hundred and seventeen out of a total of two hundred and seventy thousand shares of the par value of $100 each issued and outstanding, where the directors and officers of the company at the time of the filing of the bill had practically no financial interest in the affairs of the company, the entire board, including officers, owning about four per cent. of the capital stock, three of the directors owning none, and the gravamen of the bill is that the directors have been guilty of fraud and gross mismanagement of the company's affairs, it not appearing that the complainants will suffer irreparable injury unless granted the preliminary relief prayed for, and the condition complained of is a culmination of acts extending over a period of years.

2. The law is settled that a preliminary injunction should not be awarded unless from the pressure of urgent necessity, and also unless the injury to be prevented *pendente lite* will be irreparable.

3. For the same reason that a preliminary injunction will not issue, a receiver *pendente lite* will not be appointed.

4. To grant a preliminary injunction and appoint a receiver *pendente lite* in this suit would practically amount to giving the complainants the full measure of relief to which they may be entitled on final hearing, and courts do not grant such relief.

On application for preliminary injunction and appointment of receiver *pendente lite*.

*Mr. Richard V. Lindabury, Mr. Robert H. McCarter* and *Mr. James Boyd Potter,* for the complainants.

*Mr. John J. Treacy, Mr. Gilbert Collins* and *Mr. Thomas Thatcher* (of the New York bar), for the defendants.

WALKER, CHANCELLOR.

The bill in this case was filed by certain stockholders of the defendant company owning and holding, in the aggregate, one thousand five hundred and sixty-two shares of its preferred stock and nine hundred shares of its common stock, on behalf of themselves and such other stockholders as should come in and contribute to the expenses of the suit. On the hearing of the order to show cause hereinafter mentioned, a petition of certain other stockholders owning three thousand eight hundred and nine shares of the preferred stock of the company and three hundred and forty-six shares of its common stock, was preferred, praying that they might be admitted as parties complainant, and allowed to appear in aid of the prosecution of this suit, and an order was made accordingly. It thus appears that this suit is being prosecuted by the owners of five thousand three hundred and seventy-one shares of the preferred stock and one thousand two hundred and forty-six shares of the common stock, in all six thousand six hundred and seventeen shares. The total amount of the authorized capital stock of the corporation is $27,000,000, divided into two hundred and seventy thousand shares, of which $11,000,000 is preferred stock and $16,-000,000 is common stock. By the last annual report of the company (1912) it is shown that all of this stock is actually issued and outstanding. Thus it appears that a very small proportion of the stockholders of the defendant company are engaged in prosecuting this suit, and while that, in and of itself is, of course, no bar to relief, it is pertinent upon the question of balancing equities, that is, upon the question whether greater inconveniences and loss will come to the complainants or defendants in the granting or withholding of preliminary relief. It is but just to add that such of the defendants as are natural persons, are themselves the holders of a comparatively small number of shares of the company's stock, but the corporation itself may be said, in a certain sense, to represent, on this application, the other stockholders who have not become personally involved in this controversy, and they are the vast majority. The company certainly represents them in the sense that their holdings represent proportionally the as-

sets of the company. An injunction to preserve a *status quo* would be for their benefit, but one to disturb such status in the manner sought by the bill would apparently affect them and the company injuriously. There is a very great difference as to whether an application for an injunction is for a preliminary or a permanent one granted only after final hearing.

The company is engaged in the manufacture and sale of paper bags, paper and pulp, and also in the sale of wood on a very extensive scale and over a wide area.

It is alleged that the directors and officers of the company at the present time have practically no financial interest in the affairs of the company, the entire board, including officers, owning about four per cent. of the capital stock, three of the directors owning no shares whatever, so far as the records disclose. The gravamen of the bill is that the affairs of the company have been so mismanaged that the dividends on the preferred stock have fallen from seven per cent. cumulative, provided for in the charter, to four per cent., the last dividends having been passed, and no dividend having ever been paid upon the common stock. A salient averment is that the directors have conducted the business for the benefit of themselves at the expense of the company by dividing up the country into selling districts and creating selling agencies who have the right to sell its products in those districts at exorbitant commissions; and in practically all, if not all, of the cases, the agency is a partnership or corporation, one of whose members is a director of the defendant company. The prayer of the bill is that the management of the corporation may be taken from its present board of directors and put in charge of a receiver until an honest and capable board can be selected and chosen, and that the agent-directors may be compelled to account and pay into the defendant company all moneys and commissions unlawfully and fraudulently received by them in the conduct of the company's business, and that the agency contracts may be set aside and that an honest and indifferent board of directors may be selected and put in charge of the company's affairs, or else that it may be wound up and its assets distributed before they are entirely wiped out, and also for an injunction against the company and its officers and directors restraining

them from acting as such until the further order of the court, and also directing them forthwith to hand over to a receiver to be appointed the management and conduct of the company's affairs and for further or other relief.

On the filing of the bill and affidavits and exhibits annexed an order was made on the defendants requiring them to show cause why an injunction should not issue and a receiver be appointed as prayed for in the bill of complaint. On the return of the order to show cause the matter was heard upon quite voluminous affidavits and exhibits presented on both sides, followed by exhaustive arguments by able counsel. Since the hearing I have given the matter much consideration and have arrived at the conclusion that the application for a preliminary injunction and the appointment of a receiver *pendente lite* must be denied.

This is not an application for the appointment of a receiver for an insolvent corporation under section 65 of the Corporation act. *Comp. Stat. p. 1640;* amended *P. L. 1912 p. 585.* It is, on the contrary, an application for the appointment of a receiver of a company whose directors are alleged to have been guilty of fraud and gross mismanagement. I decide nothing on this question, and it would be purposeless to review the evidence on either side. In any aspect of the case it does not appear that the complainants will suffer irreparable injury unless granted the preliminary relief they seek. The condition complained of is the culmination of acts extending over a period of years, and no harm, certainly no serious harm, can come to the complainants by waiting the few months which may elapse between this time and the time of final hearing.

It has been decided again and again that a preliminary injunction should not be awarded unless from the pressure of urgent necessity, and unless also the injury to be prevented *pendente lite* will be irreparable. This court was recently admonished by the court of errors and appeals in *McMillan* v. *Kuehnle, 78 N. J. Eq. (8 Buch.) 251,* not to award preliminary injunctions except to prevent irreparable injury. This cause, in its present posture, does not call for extraordinary relief. For the same reason that a preliminary injunction will not issue in this case a receiver *pendente lite* ought not to be appointed.

Another thing: To grant a preliminary injunction and appoint a receiver *pendente lite* in this cause would practically amount to giving the complainants the full measure of relief to which they may be entitled on final hearing, and, as I understand it, courts do not grant such relief. See *National Docks Railway Co.* v. *Pennsylvania Railroad Co., 54 N. J. Eq. (9 Dick.) 10; Pennsylvania Railroad Co.* v. *National Docks Railway Co., 53 N. J. Eq. (8 Dick.) 178, 194.*

The conclusion I have reached is that the interlocutory injunction and receiver *pendente lite* prayed for should be denied and the order to show cause discharged. The matter has been sharply litigated, and under the usual rule the defendants are entitled to costs.