VICTOR E. TENNANT *v.* JOHANNA KILCOYNE *et al.*

(No. 8698)

Submitted March 8, 1938. Decided April 9, 1938.

A. E. *Larrick* and *W. J. Brennan,* for appellants.
I. M. *Underwood* and *L. S. Schwenck,* for appellee.

RILEY, JUDGE:

This appeal and supersedeas was granted to an order of the judge of the Circuit Court of Wetzel County entered on October 18, 1937, refusing to file defendants' answer to the bill of complaint and refusing to dissolve a temporary injunction restraining Johanna Kilcoyne and S. J. Kilcoyne, Jr., from interfering in anywise with the plaintiff in the removal of casing from, and the plugging of, a gas well located on land owned by S. J. Kilcoyne, Jr., and others, and restraining the two Kilcoynes and L. W. Dulaney, a justice of the peace, from proceeding further in criminal prosecutions, instituted by S. J. Kilcoyne, Jr., for trespass growing out of the attempt of plaintiff to remove the casing from and plug the well.

Plaintiff is the owner by mesne assignments of an oil and gas lease, executed by S. J. Kilcoyne and Johanna Kilcoyne, his wife, to L. S. and W. P. Baker on May 12, 1917, on the land upon which the well involved here is located. The lease was for a five-year term "and as long thereafter as oil and gas, or either of them, is produced from said land by the party of the second part, its successors or assigns." Johanna Kilcoyne is joined as a defendant in this cause by reason of a life estate in the land involved, and the oil and gas royalties therefrom, given to her by the will of S. J. Kilcoyne, deceased.

The bill of complaint alleges that plaintiff is the owner of the oil and gas leasehold heretofore described upon which there is one producing well; that plaintiff owns the equipment and casing used in the operation of the

well; that he has the right to remove such equipment and casing from the well and leasehold, and desires to make such removal for the purpose of abandoning the well; that he has attempted to do this and has been interfered with by S. J. Kilcoyne, Jr., and Johanna Kilcoyne, who have, on two occasions, ejected from the leasehold premises the materials placed thereon necessary for removal of the casing and equipment from the well and have had plaintiff and his agents arrested for trespass in attempting such removal; and that plaintiff has secured a permit from the Department of Mines authorizing him to plug the well. The prayer of the bill is that defendants be restrained from interfering with the removal of the equipment and casing used in and about the operation of the well and that the criminal prosecutions already instituted be enjoined.

The temporary injunction was granted in the vacation of the court on the sworn bill of complaint and the exhibits therewith, after notice to the defendants who were present. Later in the afternoon of the same day, after several hours' notice to plaintiff, who was represented by counsel at the time, defendants moved the judge of the circuit court to dissolve the injunction and requested that their joint and several answer be filed in support of the motion. The judge declined to allow the filing of the answer and refused to entertain the motion to dissolve for the reason (stated in the decree) "that this suit is not now pending, process not having yet issued."

There is no inherent power in a court of chancery to dissolve an injunction in vacation. Such authority exists only by statute. *McGibson* v. *Roane County Court,* 95 W. Va. 338, 121 S. E. 99. In this state, Code, 53-5-11, upon notice having been given to the opposing party, gives plenary power to the judge of any court in which a case is pending wherein an injunction is in force to deal with a motion made in vacation to dissolve such injunction. It is patent that if a case is pending for the purpose of awarding an injunction that by the same token it is pending for purposes of dissolution.

The power of a court to dissolve an injunction in vacation necessarily has inherent in it the power to allow the filing of such pleadings and papers as will make the right to a dissolution efficacious to the party seeking it. This allows the filing of an answer in vacation in aid of a motion to dissolve. *Hayzlett* v. *McMillan*, 11 W. Va. 464, 477; *Goddin* v. *Vaughn's Ex'x.*, (Va.) 14 Gratt. 102. See also, *Sandusky* v. *Faris*, 49 W. Va. 150, 163, 38 S. E. 563. This principle has been recognized by dicta in other cases. *Zell Guano Co.* v. *Heatherly*, 38 W. Va. 409, 422, 18 S. E. 611; *First National Bank* v. *Huntington Distilling Co.*, 41 W. Va. 530, 23 S. E. 792, 56 Am. St. Rep. 878. The interpretation of the *Goddin*, *Hayzlett*, *First National Bank* and *Zell Guano Company* cases made in the opinion in *City of Wheeling* v. *C. & P. Tel. Co.*, 81 W. Va. 438, 94 S. E. 511, that they only authorize the consideration of an answer as an affidavit upon a motion to dissolve made in vacation is hereby disapproved.

We do not deal with the sufficiency of the bill nor the sufficiency of defendants' answer, other than to say the answer should have been filed, because of the good reason that at the outset, we are confronted with a principle of injunctive law completely ignored by the circuit judge, namely, that a temporary injunction ought not to be granted when it upsets the balance of convenience, or, as sometimes called, the balance of equities. A temporary injunction has at best an arbitrary tinge because it is granted prior to trial. Usually, the only justification for its use is the necessity of preserving the status quo so that the relief granted after full hearing will not be rendered abortive by the action of defendant pending the litigation. It is to be used with wise discretion, and only after a consideration and weighing of the probable harm to plaintiff by its refusal and the probable harm to defendant by its allowance. It is not to be granted when the injury to plaintiff by its refusal is slight compared to the damage that would be done to defendant by granting it, if defendant should finally prevail. Different av-

pressions of the rule are used under different circumstances, such as that a temporary injunction ought not to be granted when it disturbs the status quo; that such an injunction ought not to be granted when it accomplishes the purpose of the litigation or grants plaintiff the full relief that he could obtain on final hearing; but in reality the basic principle is that of the balance of convenience. These cases afford illustrations of the principle in application. *Welsh* v. *Carter* (Tex. Civ. App), 30 S. W. (2d) 354 (almost identical with instant case); *City of Farmersville* v. *Texas-Louisiana Power Co.* (Tex. Civ. App.), 33 S. W. (2d) 272; *Snouffer* v. *City of Tipton*, 161 Iowa 223, 142 N. W. 97, L. R. A. 1915 B, 173; *Williams* v. *Los Angeles Ry. Co.*, 150 Cal. 592, 89 P. 330; *Epworth Assembly* v. *Ludington & N. Ry.*, 223 Mich. 589, 194 N. W. 562; *Weis* v. *Cox*, 205 Ind. 43, 185 N. E. 631; *Bowling* v. *National etc. Co.*, 101 Fla. 634, 135 So. 541; *Aldrich* v. *Union Bag & Paper Co.*, 81 N. J. Eq. 244, 87 A. 65. See also, *Meyer* v. *Meyer*, 60 W. Va. 473, 56 S. E. 209, in which the same principle was applied to justify a refusal to dissolve an injunction upon the filing of an answer.

The justice of this rule is well illustrated by the instant case. If plaintiff is permitted to pull the casing from and plug the gas well in question, it will be of little avail to defendants, should they prevail in the end, because the gas well will have been ruined. Recovery on plaintiff's bond would not serve to restore defendants to the position they enjoyed prior to the time the temporary injunction was granted. Clearly the temporary injunction should have been denied.

The order of the judge of the Circuit Court of Wetzel County, refusing to dissolve the temporary injunction, is reversed, the temporary injunction dissolved, and the case remanded.

> *Reversed; temporary injunction dissolved; and remanded.*