VILLAGE OF BARBOURSVILLE, et al.

*v.*

HON. JOHN W. HEREFORD, JUDGE OF THE CIRCUIT COURT OF

CABELL COUNTY, et al.

(No. 10201)

Submitted October 11, 1949. Decided November 8, 1949.

LOVINS, JUDGE, not participating.

*Will H. Daniel, Daniel & Daniel,* for petitioners.

*W. E. Parsons,* for respondents.

FOX, JUDGE:

This is a proceeding in prohibition, under the original jurisdiction of this Court, in which petitioners seek to prohibit the Honorable John W. Hereford, Judge of the Circuit Court of Cabell County, from entertaining jurisdiction of and proceeding to hear and determine, by way of a writ of certiorari, a dispute arising between Margaret H. Slaughter and T. W. Peyton on the one hand, and the Village of Barboursville on the other, concerning a proposed assessment for street paving purposes, affecting property of the said Slaughter and Peyton, situated in said village. The question presented is the narrow one of whether, in the circumstances here involved, the respondent, John W. Hereford, as such judge, has jurisdiction to entertain, hear and determine the matters arising upon the petition for certiorari filed in the proceeding aforesaid on August 20, 1949; but, it is necessary to furnish the background of the question now presented to this Court.

The Village of Barboursville was established under an Act of the Legislature in the year 1867, and since that time the Legislature has enacted legislation respecting the improvement of streets in municipalities which may, or may not, as may be determined from a decision on the merits of this controversy, have changed the provisions of its

original charter; and in particular there is involved, Chapter 89, Acts of the Legislature, 1949 Session, amending Article 8, Chapter 8, of the Code of 1931. What effect, if any, the acts of the town council of the Village of Barboursville, evidenced by ordinances, or the enactment of the Legislature in respect to street improvements in said village, is not intended to be discussed in this opinion, because it is not proper to be considered in a proceeding in prohibition which, in its very nature, must be confined to the settling of questions of jurisdiction, or the abuse thereof.

On April 19, 1949, the common council of the Village of Barboursville adopted a paving ordinance which provided for the resurfacing of the street in front of various properties, including those of Margaret H. Slaughter and T. W. Peyton, the cost thereof to be assessed against the properties involved and the owners thereof. On May 7, 1949, the said Margaret H. Slaughter and T. W. Peyton presented to John W. Hereford, Judge of the Circuit Court of Cabell County, said court being then in session, their joint petition praying for a writ of certiorari to bring before said court the papers and proceedings upon which the common council had passed the ordinance of April 19, 1949, and challenging the legality of said ordinance. On this petition said court directed the issuance of a writ of certiorari as prayed for. On May 12, 1949, such a writ issued, signed by the Clerk of the Circuit Court of Cabell County, but not made to run in the name of the State of West Virginia.

On May 16, 1949, counsel for the respective parties to said certiorari proceeding under Code, 51-2-10, entered into a written agreement that "having been informed of the disqualification of the regular judge of said Court to hear and determine said cause do hereby agree and consent that J. W. St. Clair, a competent attorney practicing before the bar of this Court, be named and appointed as a special judge of the Circuit Court of Cabell County, West Virginia, to hear and determine said cause." On the day following, an order was entered by the regular judge of

said court, reciting that the regular judge had "announced that he cannot properly preside at the hearing of this cause and that it was necessary either to agree upon or elect a special judge for the purpose of further proceedings herein. Thereupon the parties hereto, in the manner provided by Section Ten, Article Two, Chapter Fifty-One of the Code of West Virginia, by a writing signed by them agreed upon J. W. St. Clair, a competent attorney practicing before the bar of this court, as a special judge to hear and determine this cause." And the following order was made: "IT IS, THEREFORE, ORDERED that said J. W. St. Clair shall serve as special judge to hear and determine this cause and that said written agreement be entered of record in the proper Order Book of this Court. Thereupon the said J. W. St. Clair appeared and took the oath prescribed by Section Five, Article Four of the Constitution of this State and took the further oath that he is not interested as counsel or attorney or otherwise in the cause to be heard and determined by him."

The record discloses that the parties appeared before the special judge on June 28, 1949, and a motion to quash the writ was made and argued; and later briefs were submitted in support of the respective arguments of the parties. On July 18, 1949, the special judge addressed a letter to counsel for the parties in the certiorari proceeding then pending before him, in which he advised them of what his findings would be, on the motion to quash then pending. Following the receipt of this letter by counsel, several orders were presented to the special judge attempting to embody his ruling, but it was not until August 18, 1949, that a final order was entered in the proceeding. That order was entered in vacation of the regular term of the Circuit Court of Cabell County, the May term thereof having been adjourned on August 6, 1949. The pertinent provisions of that order read as follows: "This day came again the petitioners by counsel, as well as the respondents by Will H. Daniel and Luther E. Woods, Jr., and thereupon the motion to quash heretofore interposed was considered by the court, and the court finds that the writ was not properly directed, that

the action of the Common Council of the Village of Barboursville, was of a judicial nature, that the Council issued such a final order as to justify the issuance of a writ of certiorari, that the petitioners have a right and were injured by the action complained of as shown by the petition, and that they are not guilty of laches, and therefore is of opinion that the writ issued from the Clerk's Office of this court is not sufficient and should be quashed." The petitioners then asked leave to file their amended and supplemental petition setting up the fact of an election in said village subsequent to the issuance of said writ, the election of a new mayor, recorder and three new members of the council, leaving only two members of the council who were members thereof at the date of the ordinance of April 19, 1949, and that the clerk be directed to issue a proper writ upon the order therefor entered on May 7, 1949, as aforesaid, which motion the court denied, and the court then ordered that: "It is therefore considered by the Court that the writ issued herein be and the same is quashed and this matter is dismissed without prejudice, however, to any further proceeding as may be instituted concerning the subject matter hereof, * * *."

Two days later, on August 20, 1949, the said Margaret H. Slaughter and T. W. Peyton filed their petition before the Honorable John W. Hereford, Judge of the Circuit Court of Cabell County, in vacation of said court, praying for a writ of certiorari to bring before said court the proceedings upon which the ordinance of the common council of the Village of Barboursville, dated April 19, 1949, was based, and which ordinance had been the subject of the like proceeding hereinbefore referred to. So far as we can determine, the petition filed in this later proceeding contains, in substance, the same allegations as those contained in the petition filed May 7, 1949, aforesaid, except that the newly elected and installed officers, who had taken office on July 1, 1949, were made parties to the proceeding in lieu of those who occupied the office at the date the former petition was filed, and the dismissal of the former writ was alleged. On the day said petition was filed, the respondent, John W. Hereford, judge, as aforesaid, di-

rected the issuance of the writ of certiorari against the Village of Barboursville, and its officials, "commanding them to certify and produce before this Court the records of the proceedings and the matters in the said petition set forth with reference to the paving of certain streets in the Village of Barboursville within this petition described and as prayed for in said petition." Thereafter, on August 23, 1949, the writ of certiorari, running in the name of the State, was issued, as directed by said order, against the Village of Barboursville, its mayor, recorder, and members of its common council.

It is upon this state of alleged facts, which do not appear to be controverted, and which are supported by the record, that petitioner herein seeks a writ of prohibition in the form prayed for, as hereinafter set forth. The petition filed herein is in the name of the Village of Barboursville, a municipal corporation, its mayor, recorder, and the members of its common council, against John W. Hereford, Judge of the Circuit Court of Cabell County, J. W. St. Clair, Special Judge as aforesaid, and Margaret H. Slaughter and T. W. Peyton. The petitioners aver all of the matters and things hereinbefore set out touching the beginning of the controversy, and the proceeding had on the writ issued on May 12, 1949; avers the motion to quash the said writ, and the action of the special judge thereon, in vacation of said circuit court; and also calls the attention to the supposed disqualification of the regular judge of the said court to hear and determine the proceeding instituted on August 20, 1949. The prayer of the petition prays that a rule be issued against the respondents named in the petition, requiring them to appear and show cause, (1) why the regular Judge of the Circuit Court of Cabell County should not be prohibited from further proceeding in the matter of which he took jurisdiction on August 20, 1949; (2) why the said special judge should not be commanded to vacate and set aside the order entered by him on August 18, 1949, and enter a proper order in said action quashing the original writ, and dismissing the petition; and (3) why the said writ issued on August 23, 1949 should not be quashed, or, in the alternative, that this Court take

jurisdiction of said action and hear and determine the matter raised by the petition filed on August 20, 1949.

The petition was filed in this Court on August 31, 1949, and on September 6, following, we awarded the usual rule to show cause, and requiring the respondents to appear on September 20, 1949. There is filed in the proceeding separate answers of John W. Hereford, Judge of the Circuit Court of Cabell County, and J. W. St. Clair, Special Judge; the demurrer of all of the respondents to said petition; and the joint and separate answers of Margaret H. Slaughter and T. W. Peyton, all of these papers being filed on October 11, 1949, but having been prepared prior to September 20, 1949, the hearing date originally set as aforesaid. The record discloses that on September 19, 1949, T. W. Peyton departed this life, and the hearing on the matter was not taken up in this Court until October 11, 1949, on which date the death of T. W. Peyton was suggested on the record; a plea in abatement setting up such death was filed; and upon motion said proceeding was revived against Christine D. Peyton, administratrix, c. t. a. of the estate of T. W. Peyton, deceased, and against Christine D. Peyton, sole devisee and beneficiary under his will.

It is clear that, considering the nature of a proceeding in prohibition, and the limitation placed upon its use, this Court cannot entertain and decide many of the questions raised upon the petition filed, and on which relief is prayed for. A question has been raised in the case as to whether the proceedings of the common council of the Village of Barboursville were of a nature such as to come within the provisions of Code, 53-3-2, which provides that: "In every case, matter or proceeding, in which the certiorari might be issued as the law heretofore has been, and in every case, matter or proceeding before a county court, council of a city, town or village, justice or other inferior tribunal, the record or proceeding may, after a judgment or final order therein, or after any judgment or order therein abridges the freedom of a person, be removed by a writ of certiorari to the circuit court of the

county in which such judgment was rendered, or order made˙ * * *." We are of the opinion that we cannot determine that question in this proceeding, because certainly the Circuit Court of Cabell County had jurisdiction to pass upon the question of whether or not a writ of certiorari should be issued. Whether upon petition filed, and on consideration of all of the facts bearing upon the nature and character of the action of the common council, it should or should not hear the merits of the case on the record produced by the writ, was a question to be decided after the court has taken jurisdiction of the matter.

This being true, it seems to us that only two questions can properly arise in this proceeding. The first is whether the action of the Judge of the Circuit Court of Cabell County in announcing, on May 17, 1949, that "he cannot properly preside at the hearing of this cause and that it was necessary either to agree upon or elect a special judge for the purpose of further proceedings herein," amounted to his final disqualification to hear any certiorari proceeding growing out of the order of the common council of the Village of Barboursville entered on April 19, 1949; and whether the fact that he could not "properly preside," on the hearing of the writ issued May 12, 1949, operated to disqualify him from entertaining jurisdiction of the proceeding instituted on August 20, 1949. The other question is whether the final order or judgment entered by J. W. St. Clair, as Special Judge, on August 18, 1949, in vacation of the Circuit Court of Cabell County, had any force and effect, or in any wise terminated the status of the said special judge to hear and determine the proceeding then pending before him.

On the first question, we are of the opinion that the action of the respondent, John W. Hereford, as Judge of the Circuit Court of Cabell County, in declaring that he could not properly preside at the hearing on the writ of certiorari issued on May 12, 1949, should not be construed as disqualifying him to hear that proceeding, or a similar proceeding involving the same subject matter, under changed conditions, such as the resignation or removal

of the special judge. The respondent judge in his answer avers that he was not disqualified to hear the matters involved in the proceeding in which the writ of certiorari was issued in May, 1949, on any of the grounds mentioned in Code, 51-2-8, and that the reasons he could not "properly preside on the hearing of said matters," was that he was then engaged in his regular term of court and could not give to this special matter the attention which its apparent urgency required. We are clearly of the opinion that if the power and authority of the special judge had ended, either by his resignation, or by his having entered a final order in the proceeding submitted to him for decision, as was done in this case, even though without prejudice to a new proceeding, there could have been no valid reason why the regular judge should not take jurisdiction of any new proceeding. We are therefore, of the opinion that if the order entered by the special judge, on August 18, 1949, be up held as proper exercise of his power, then that order finally terminated the power and authority of the special judge, other than as relates to appellate processes, because its effect was not only to quash the writ, but to dismiss the proceeding in which the writ of certiorari was issued. Therefore, on this assumption, we would hold that the regular judge of the Circuit Court of Cabell County had jurisdiction to hear and determine the proceeding instituted before him on August 20, 1949, the right to institute such proceeding having been saved to the petitioners therein by the order of dismissal of the first proceeding aforesaid.

This would seem to leave open the question of whether the order entered by J. W. St. Clair, Special Judge, on August 18, 1949, was a valid exercise of judicial power. We think it clear that if the special judge, or even a regular judge, was without jurisdiction to enter a final decree or order in a case, in a vacation of the regular term of the circuit court, such order or decree was void and, therefore, of no force and effect whatever; and it follows that if void, the proceeding in which the order and decree was entered remained in the special judge of the court having jurisdiction of the case.

It is fundamental in this jurisdiction that "A circuit court has no power to enter an order or decree in vacation, unless so authorized by statute." *McGibson* v. *County Court*, 95 W. Va. 338, 121 S. E. 99. This principle has been announced by this Court in the following cases: *Monroe et als v. Bartlett et als*, 6 W. Va. 441; *Johnson* v. *Young, Carson & Bryant*, 11 W. Va. 673; *Rollins* v. *Fisher*, 17 W. Va. 578; *Kinports* v. *Rawson*, 29 W. Va. 487, 2 S. E. 85; *Mullens Realty & Insurance Co*. v. *Klein, et al*, 85 W. Va. 712, 102 S. E. 677; *Highland* v. *Strosnider*, 118 W. Va. 647, 191 S. E. 531; *Tennant* v. *Kilcoyne*, 120 W. Va. 137, 196 S. E. 559. Courts are authorized to enter vacation orders, judgments and decrees in certain types of cases such as the dissolution of an injunction, and where otherwise specially authorized by statute; but unless so authorized cannot enter orders and decrees in suits and actions pending before them except in regular or special terms of court. We do not think there can be any question as to the applicability of this rule, both in principle and in practice, to special judges, and it is a rule which, in our view, it is necessary to maintain, to avoid the danger of misunderstandings between counsel, involving the courts in disputes, and, in many cases, to prevent unintentional injustices. It is well known that where necessary special terms of court may be called for the disposition of cases requiring urgent action, during the vacations between regular terms. We are of the opinion, therefore, that J. W. St. Clair, as Special Judge, was without authority to enter the final order of August 18, 1949, aforesaid.

The authority of the special judge to enter the order of August 18, 1949, is attempted to be justified by the provisions of Code, 56-6-39, and on this language contained in said section: "* * * but such court may, either in term or vacation, without such consent, when it desires time to consider its judgment as to any motion, action at law, chancery cause, or matter of law, or a fact arising therein, which has been fully argued and submitted, direct such motion, action at law, chancery cause, or matter of law or fact, to be submitted for decision, and decree, judgment or order in vacation." We do not think this statute should

be construed as changing the general rule, even if consent was shown to enter a final order in vacation, which the record does not show. What the quotation of the statute does is merely to provide that the court may, without the consent of parties, direct the submission of a case in vacation, and it falls short of providing that an order or decree deciding the action or suit may be entered in vacation. We think it goes without saying that a special judge is subject to all of the statutory provisions and rules of law governing the conduct of a regular judge. Code, 51-2-11. While he acts as a special judge, he is a part of the circuit court of the county in which he assumes to act; and in presiding as judge he must conform to the rules of law which govern the actions of a regular judge.

The special judge, not having legally disposed of the matter before him, the original certiorari proceeding instituted in May, 1949, still remains to be determined. We know of no rule of law which, in the absence of legal termination of the powers of a special judge to entertain jurisdiction over the matter which he was selected or elected to hear and determine, permits the regular judge to take jurisdiction thereof even though, but for the special judge, he would have had such jurisdiction. See *State* v. *Stevenson*, 64 W. Va. 392, 62 S. E. 688. We reach this conclusion by analogy to the well established rule that where two courts have jurisdiction of a matter, the court first taking jurisdiction will retain control until its final termination. In this case, the regular judge of the Circuit Court of Cabell County announced it would be improper for him to preside in this proceeding and the election of a special judge followed. So long as the power and authority of the special judge remains in force and effect the regular judge of the circuit court may not take jurisdiction of the matter which the special judge was elected to decide.

There is but one matter involved in this litigation, and that is the legality of the action of the common council of the Village of Barboursville in adopting the paving ordinance of April 19, 1949. The one purpose which all of

the parties have in mind is to obtain from the Circuit Court of Cabell County, either through its regular judge, or a special judge selected to preside in the case, an adjudication of the questions of law and fact which are raised by the petition for certiorari, and which would bring before such circuit court, or a special judge, all the records and proceedings on which the ordinance was based. That proceeding being before the special judge by agreement of counsel, and by regular proceedings, in the Circuit Court of Cabell County, he acquired full and complete jurisdiction to determine all matters arising therein; and, in our opinion, the regular judge of the Circuit Court of Cabell County, so long as the special judge's status remained, did not have authority or jurisdiction to entertain a new petition, covering exactly the same question as that already pending before the special judge. The proceeding instituted on August 20, 1949, was instituted on the assumption that the powers of the special judge in the former proceeding had ended, and that the later proceeding was a new and independent proceeding. It could only be a new and independent proceeding if the former proceeding had been legally dismissed. As we have held, it was not so dismissed, for the order assuming to dismiss it was invalid, null and void, because entered at a time when the special judge did not have authority to enter any order in the proceeding.

Prohibition covers not only lack of jurisdiction, but where a court having jurisdiction exceeds its legitimate power; and while, of course, the Circuit Court of Cabell County had jurisdiction of the subject matter of litigation arising within that county, such as that involved here, its unintentional supplanting of the jurisdiction of a duly elected special judge may be classified as exceeding its legitimate powers.

On the sole ground that the order of J. W. St. Clair, Special Judge, entered on August 18, 1949, was a nullity, because entered in vacation of the Circuit Court of Cabell County, a writ of prohibition will be awarded as against John W. Hereford, Judge of the Circuit Court of Cabell

County, only. The result of this ruling will be to leave the original proceeding, instituted on May 7, 1949, pending before J. W. St. Clair, Special Judge, for such final determination as he may be advised to make.

*Writ awarded.*