STATE *ex rel.* JAMES L. DENNIS, *et al.*

*v.*

ELIZABETH McDONOUGH CADDEN, *et al.*

(No. 10365)

Submitted February 27, 1951. Decided March 13, 1951.

*L. D. Archer*, for relators.

*C. Edward McDonough*, for respondents.

GIVEN, JUDGE:

This proceeding in prohibition was instituted in this Court by the State of West Virginia at the relation of James L. Dennis and "Mrs. James L. Dennis" against

Elizabeth McDonough Cadden, Honorable David F. Turner, Judge of the Circuit Court of Wirt County, and Paul Higgins, Clerk of that court, to prohibit collection of a judgment rendered by the Circuit Court of Wirt County, in favor of Elizabeth McDonough Cadden, against James L. Dennis and Mrs. James L. Dennis, the contention of petitioners being that the judgment was rendered by the court in vacation without consent of petitioners, as required by Code, 56-6-39.

The judgment was rendered in an action of trespass on the case, tried to a jury at the regular term of the Circuit Court of Wirt County which convened on the 5th day of June, 1950. The case was tried on that day and, upon the return of the verdict in favor of plaintiff, an order was entered recording the verdict and showing that "defendants by counsel made motion to set aside the verdict of the jury as contrary to the law and evidence and desire to argue the motion at a later date to be set by the Court." On the same day, June 5, the court, without having passed upon the motion, by order duly entered, "ordered that this court do now adjourn until the next regular term of this court." On July 18, 1950, the motion to set aside the verdict was argued and, on August 4, 1950, an order was signed by Judge Turner overruling the motion and entering judgment upon the verdict. This order was entered in vacation of the court, and the part thereof pertinent to the instant case is: "This 1st day of August, 1950, came the above named plaintiff and defendants by their respective counsel and by agreement and consent of each of said parties there was submitted to the Court for argument and consideration defendants' motion to set aside the verdict rendered by the jury in the above styled case and award to the defendants a new trial." The order shows that defendants by counsel objected and excepted to the action of the court, and moved for a stay of execution for a period of sixty days.

By letter of July 29, 1950, addressed to C. Edward McDonough, counsel for plaintiff in the action of trespass

on the case, a copy of which letter was mailed to L. V. Archer, counsel for defendants in that action, Judge Turner advised that he would overrule the motion to set aside the verdict, and directed that an order be prepared to that effect. By letter of July 31, 1950, Mr. Archer advised counsel for plaintiff in the action of trespass on the case as follows: "I am in receipt of a copy of a letter from Judge Turner to you stating that he had sustained the jury verdict in the above case, and directing an order be drawn in accordance, also directing the order to show objections and exceptions to same. I would like the order to also show or include a suspending order for sixty days conditioned with bond as usual in such matter to enable us to get the record made up and petition the high court for a writ of error."; and on August 1, 1950, Mr. McDonough wrote Mr. Archer as follows:

"Enclosed herewith please find copy of proposed order overruling motion to set aside verdict and award defendants a new trial and entering judgment on verdict in the above styled cause.

"In the event that this order is satisfactory, the same will be presented to Judge Turner on Friday, August 4, at 9:30 a.m., for entry.

"Unless I hear from you before that date, I will assume the enclosed order is in satisfactory form."

No reply was made to the last mentioned letter and no further objection was made as to the contents of the order or as to the entry thereof in vacation before it was signed by Judge Turner on August 4, 1950.

Depositions were taken in the instant proceeding on behalf of petitioners only. Mrs. Dennis, one of the defendants against whom the judgment was rendered, testified to the effect that she was present in court at the time the jury returned the verdict; that she was present at the time the motion to set aside the verdict was argued; and that, to her knowledge, no agreement or consent was made or given to the effect that an order relating to the

judgment would be entered in vacation of the court. L. D. Archer, counsel for petitioners, testified to the effect that no express agreement was made authorizing the entry of the order in vacation of the court. Mr. Dennis also testified, but his evidence does not go to the question of whether consent was given.

The joint and several answer of respondents, sworn to by each of the three respondents, alleges: "That all proceedings in vacation in relation to said cause were had by agreement of all parties to said litigation, and at the instance and request of counsel for defendants." The supplemental answer of respondent, David F. Turner, Judge of the Circuit Court of Wirt County, also verified, alleges: "That the entry of said order in vacation, overruling the motion of Defendants below to set aside the verdict and award them a new trial, and entering judgment on the verdict in said cause, was done, in vacation, by and with the agreement and consent of Respondent Judge, C. Edward McDonough, attorney for Plaintiff, Elizabeth McDonough Cadden, and L. D. Archer, attorney for Defendants below, Petitioners in this Court, James L. Dennis and Mrs. James L. Dennis." No reply was filed to either of the answers.

Unless aided by statute, judges of circuit courts have no power or authority to adjudicate matters in vacation. *Monroe* v. *Bartlett*, 6 W. Va. 441; *Rollins* v. *Fisher*, 17 W. Va. 578; *Gilmer* v. *Baker*, 24 W. Va. 72; *Barboursville* v. *Hereford*, 133 W. Va. 375, 56 S. E. 2d 206. Code, 56-6-39, which grants unto courts authority in certain circumstances to hear and determine matters in vacation, in so far as applicable here, reads: "Any motion, civil action at law, or chancery cause, pending in a circuit court, or any other court, or before the judge thereof, having jurisdiction of the subject matter, or any matter of law, or fact, arising in such motion, action at law, or chancery cause, may, by consent of parties, either in person or by counsel, next friend or guardian ad litem, in term time entered of record, or by like consent in vacation, be submitted to the judge of such court for such decision and

decree, judgment, or order, therein in vacation as might be made in term. * * *."

Is the recital in the vacation order that "by agreement and consent of each of said parties there was submitted to the court for argument and consideration", the matters arising on the motion to set aside the verdict, a sufficient compliance with the requirements of the statute that the parties consent to the entry of the order in vacation, and that the consent be entered of record? We think it is. Such a recital would have no place in an order not entered in vacation, consent being necessary only to the entry of a vacation order. A careful reading of the statutory provision discloses no intention to require that such consent be evidenced by any separate writing of the parties. Jurisdiction of the circuit court to enter the vacation order, although a court of general jurisdiction, was not inherent, but was special and conferred upon the court by the statute. Therefore, jurisdiction of the court to enter the vacation order must appear of record. In this respect the jurisdiction of the circuit court is not wholly unlike courts possessed only of limited powers; jurisdiction will not be presumed, but must be shown by the record of the cause. "If the record of a cause shows that the court had jurisdiction, it is conclusively presumed to speak the truth in that particular, and the judgment, unless successfully assailed for fraud or collusion, is binding until reversed upon appeal or such direct rehearing as may be warranted by law. It is undoubtedly the law that a recital of jurisdictional facts in a decree, such as that the defendants were duly served with process, and the like, are conclusively presumed to be true, unless there is something in the record showing the contrary." 11 M. J., Jurisdiction, Section 25. See 21 C. J. S., Courts, Section 104. The vacation order shows that "by agreement and consent" of all the parties the matter was "submitted to the court for argument and consideration", the fact required by the statute to be shown by the record to vest in the court power to enter the order in vacation. We think nothing else is required. We do not under-

stand petitioners to seriously question this conclusion. In so holding we are not unmindful of the statement in the opinion of *Realty Co.* v. *Klein,* 85 W. Va. 712, 719, 102 S. E. 677, possibly indicating a separate writing showing such consent to be necessary. The point was not necessary to the decision of that case and, in fact, was not decided. The question there related to the power of the court to dissolve an injunction decree in vacation, which question was controlled by a different statute. In *Wingfield* v. *McGhee,* 108 Va. 120, 60 S. E. 755, in considering the sufficiency of a recital in a vacation decree relating to such consent, under a statutory provision practically to the same effect as Code, 56-6-39, the court held the recital insufficient to show consent, but clearly indicated, we believe, that a proper showing of consent in a decree would satisfy the requirements of the statute.

Petitioners' principal contention is that consent to the entry of the vacation order was not, in fact, given. Assuming, but not deciding, that petitioners would be permitted, in the circumstances, to show by evidence that the recital in the vacation order of facts establishing power of the court to enter the same, was not true, we are of the opinion that petitioners have failed to so show. In 21 C. J. S., Courts, Section 101, it is stated: "*If a court has exercised special powers,* and its judgment or decree recites a compliance with the statute, it will conclusively be presumed that the court acted on sufficient evidence of the facts recited, and a general recital in the judgment or decree that the statutory requirements have been fulfilled is sufficient, although the facts are not set out in the record; but if the facts are set out in the record, and it appears therefrom that the statute has not been complied with, the recital of the judgment or decree will not avail." As we view the evidence offered by petitioners, it amounts only to a denial of any knowledge on the part of defendants, against whom the judgment was rendered, of giving any such consent, or that any consent in writing was made. But if the statements of the witnesses be viewed as positive denials of the giving

of consent, they would still be insufficient to establish the fact that consent was not given, in view of the recital in the decree and the other facts in the case. As before pointed out, the answer of the three respondents, verified by each of them, alleges that consent was given, and the supplemental answer of the trial judge, also verified, states positively that consent to enter the order in vacation was given. The order recording the verdict shows that counsel for petitioners moved the court to permit him to argue the motion to set aside the verdict "at a later date to be set by the court". This motion was made just before the time for the adjournment of the regular term, a fact known to all parties. It is hardly probable that such a motion would have been granted by the court without considering the advisability of having the matter fully disposed of in vacation of the court. We can not presume that the court would have continued the hearing of the motion to the next regular term of the court, or that a special term would have been called for that purpose. The provision in the order that the motion was to be heard "at a later date to be set by the court" indicates, we believe, that the disposition of the matter was not to be unreasonably delayed. The trial judge heard the motion in vacation and counsel for petitioners, without any objection, participated in the hearing. After the trial judge had reached a conclusion as to the motion he advised the parties what his decision would be, and directed that an order be prepared for entry. A copy of that order, containing the above quoted provision as to the "agreement and consent" was forwarded to counsel for petitioners, with advice that it would be entered as of a certain time unless objection thereto be interposed, and the order was entered as of that time without any objection as to the entry thereof in vacation, although the order shows that petitioners did .object to the action of the court in rendering the judgment, and moved the court for a stay of execution. Of course, these last mentioned facts alone would not be sufficient to establish consent to the entry of a vacation order, but we think they lend weight to the contention of respondents as to

the recital contained in the order, and tend to lessen any weight that might otherwise be given to the evidence of petitioners.

Counsel for respondents contends that the petition filed in the instant case is not properly verified, and that the notary public before whom the depositions were taken did not properly certify the same. The conclusion the Court has reached as to the merits of the case makes it unnecessary to discuss these contentions.

The writ of prohibition prayed for is denied.

*Writ denied.*