STATE *ex rel.* GEORGE-ANNESE COAL COMPANY A CORPORATION, *et al.*

*v.*

W. MERLE WATKINS, JUDGE OF THE CIRCUIT COURT OF BARBOUR COUNTY, WEST VIRGINIA

(No. 10458)

Submitted January 22, 1952. Decided February 12, 1952.

*I. Raymond Murphy, Wm. T. George, Sr.,* for relators.

*No appearance,* for respondent.

LOVINS, JUDGE:

The George-Annese Coal Company, a corporation, Russel T. Taylor, and Herbert Samples sued out a rule in prohibition in this Court against the Honorable W. Merle Watkins, Judge of the Circuit Court of Barbour County, requiring the defendant to show cause why a writ of prohibition should not be awarded against him as prayed for by the petitioners. No return to the rule, answer to the petition, or brief has been filed by the respondent. The proceeding was heard upon the petition, the brief and oral argument of counsel for the petitioners.

This proceeding grows out of litigation in the Circuit Court of Barbour County which is still pending in that court. Two persons who owned forty-eight percent of the capital stock of the corporate petitioner instituted suit in the Circuit Court of Barbour County praying for a special receiver to be appointed to take charge of the assets of the corporation. A special receiver was appointed in that cause in July, 1951. In the month of August, 1951, the special receiver was ordered by the circuit court to operate the mine of the corporate petitioner. In obedience to that order, the special receiver employed men, purchased supplies, and performed various other functions necessary to the operation of the mine of the coal company, until December 10, 1951.

The individual petitioners in this proceeding resisted the appointment of the receiver, and, after the taking of depositions and other proceedings, they moved that the special receiver be discharged. The motion so made was not passed on at the regular term of the Circuit Court of Barbour County, but on December 10, 1951, at a special term of such court, the special receiver was discharged and directed to pay certain expenses and allowances out of the funds of the coal company then in his hands and to deliver the physical properties and the remainder of such funds to the coal company. By the order entered at the special term as aforesaid, the special receiver was directed to make a report of his transactions as special receiver.

On December 26, 1951, the special receiver paid over to Taylor, as president and general manager of the coal company, the sum of $4,076.93, the balance of the funds in the hands of such special receiver, and at the same time delivered the books and records of the corporation to its president.

The Judge of the Circuit Court of Barbour County, on December 26, 1951, made a decree requiring the petitioner Taylor to pay to E. Wayne Talbott, formerly counsel for the receiver, and I. Raymond Murphy, counsel for Taylor, Samples, and the coal company, the sum of $2,227.25. Talbott and Murphy were appointed by such decree trustees of said fund and were required to hold the same on deposit in a bank in Barbour County until such time as the court might determine whether it would be proper to discharge a debt arising from a payroll incurred by the special receiver. The order was made in the vacation of the Circuit Court of Barbour County without any hearing with reference to the requirements thereof or the matters involved therein. It is alleged that the special receiver, when he relinquished the property of the coal company, left past due lien debts and taxes due the government of the United States and the State of West Virginia.

The petitioners rely entirely upon the proposition that the Judge of the Circuit Court of Barbour County was without authority or power to enter a vacation order even though the cause was pending in the court presided over by the judge making the vacation order.

Early in the history of this state it was held that under provisions of the Code, then in force, the judge of the circuit court had no power or authority to render a decree in vacation "which purports to be final as to any subject embraced by it." *Monroe, et als.* v. *Bartlett, et als.,* 6 W. Va. 441. To the same effect is *Rollins* v. *Fisher,* 17 W. Va. 578. The principle is further developed in the case of *Kinports* v. *Rawson,* 29 W. Va. 487, 2 S. E. 85, which holds that "A court has no power to enter an order or decree in vacation, unless so authorized by stat-

ute." A similar and analogous principle has been discussed and applied to vacation decrees dissolving injunctions, the statute permitting motions for such decrees where notice has been given. See *Realty Co.* v. *Klein, et al.,* 85 W. Va. 712, 102 S. E. 677; *McGibson* v. *County Court,* 95 W. Va. 338, 121 S. E. 99; *Highland* v. *Strosnider,* 118 W. Va. 647, 191 S. E. 531. A court of chancery has no inherent power to dissolve an injunction in vacation. *Tennant* v. *Kilcoyne,* 120 W. Va. 137, 139, 196 S. E. 559; *McGibson* v. *County Court, supra.*

We do not consider the decree entered by the Judge of the Circuit Court of Barbour County on December 26, 1951, as being in the same category as a decree made on a motion to dissolve an injunction in vacation. But the decree of December 26, 1951, falls within the general inhibition that a "circuit court has no power to enter an order or decree in vacation unless so authorized by statute." *McGibson* v. *County Court, supra.* In the case of *Village of Barboursville* v. *Hereford,* 133 W. Va. 375, 56 S. E. 2d 206, 211, this Court held that Code, 56-6-39, is not sufficient to change the general rule above mentioned, and held that the statute authorized the judge of a court, without consent of the parties, to direct the submission of a case in vacation, but did not authorize the entry in vacation of an order or decree deciding the action or suit.

We think that the decree here considered, made by the Judge of the Circuit Court of Barbour County on December 26, 1951, is final in the sense that the coal company was deprived of a considerable sum of money which to all intents and purposes belonged to it, and to that extent, a principle in the cause was determined by the vacation order.

In view of the foregoing, we are of the opinion that the Judge of the Circuit Court of Barbour County, though that court had jurisdiction of the pending cause, exceeded his legitimate power when he entered the decree in vacation requiring the coal company and its officers to

deliver to the trustees the sum of $2,227.25; that such decree is void; and that a writ of prohibition will lie to prevent its enforcement. The writ as prayed for is therefore awarded.

*Writ awarded.*