STATE *ex rel.* RALPH LUNSFORD

*v.*

W. T. WEBER, JR., *Special Judge, etc., et al., etc.*

(No. 12878)

Submitted October 14, 1969.    Decided November 11, 1969.

*Gerald H. Brooks,* for relator.

*John S. Holy,* for respondents.

BROWNING, JUDGE:

This is a proceeding for a writ of prohibition instituted by Ralph Lunsford, Relator, against W. T. Weber, Jr.,

Special Judge of the Circuit Court of Lewis County, Robert Bruce Brannon, Sr., Shirley Ann Brannon, and John S. Holy, attorney of record for Robert Bruce Brannon, Sr., and Shirley Ann Brannon, Respondents. The facts of the case are that on August 1, 1969, during the vacation of the Circuit Court of Lewis County, respondents Robert Bruce Brannon, Sr., and Shirley Ann Brannon presented a petition for a writ of habeas corpus *ad subjiciendum* to William L. Fury, Judge of the aforementioned court. Since Judge Fury had been engaged as counsel previously in a matter related thereto, and thus being under disability, the order filing the petition directed that on August 11, 1969, at 10:00 o'clock, A.M., the clerk of the court hold a special election at which the attorneys practicing before that court would elect a special judge to preside at the trial and disposition of the matter presented in the petition. The clerk served notice of the election upon the practicing attorneys.

Gerald H. Brooks, attorney for relator, sent a letter on August 5, 1969, to Judge Fury, respondents, and the clerk of the court, advising that the West Virginia Code does not provide for the election of a special judge during vacation, and that he was not waiving any of his clients' rights by acquiescing in the election.

As a result of the election, respondent W. T. Weber, Jr., was elected special judge on August 11, 1969. It is to be noted here that the court was still in vacation in Lewis County since the June term had been adjourned on July 25, 1969, and the regular judge, William L. Fury, was at that time holding a Special Term in Upshur County, another county within his circuit.

A trial on the merits of the petition for a writ of habeas corpus was set for October 6, 1969, before respondent, Special Judge Weber. Relator, contending that he would be without adequate remedy by appeal or otherwise if he acquiesced and submitted to the jurisdiction of the special judge, petitioned this Court for a writ of prohibition commanding the special judge to desist from any

further proceedings in the action. On October 1, 1969, we awarded the rule returnable on October 14, 1969, and stayed all proceedings in the case until further order.

West Virginia Constitution, Article 8, Section 15, provides that: "The legislature shall provide by law for holding regular and special terms of the circuit courts, where from any cause the judge shall fail to attend, or, if in attendance, cannot properly preside." This section has been implemented by Code, 51-2-4 to 51-2-7 and 51-2-10 to 51-2-12, as amended, to which reference is here made. There is no contention in this case that the process of electing the special judge was not in strict compliance with the statute and the precise question presented is whether a special judge may be validly elected and have jurisdiction to preside in any case pending during the vacation of any court. It is not denied herein that under Code, 53-4-1, as amended, the regular judge of a circuit court may grant a writ of habeas corpus in vacation. Neither is it denied herein that at the time of the election of the Special Judge W. T. Weber, Jr., the June term of the Circuit Court of Lewis County had been adjourned *sine die* and the judge of that court was holding a special term in the adjoining County of Upshur, which is another county within his circuit. The petition for a writ of habeas corpus *ad subjiciendum* was filed in the Circuit Court of Lewis County on August 1, 1969, during the vacation of that court and the election of August 11 was also in the vacation of that court.

Code, 51-2-10, as amended, insofar as pertinent provides that:

> When, for any cause, the judge of a circuit court, criminal court, or other court of record of limited jurisdiction, shall fail to attend and hold the same, either at the commencement of the term, whether regular, adjourned or special, or at any time before its adjournment, or if he is in attendance and cannot properly preside at the trial of any cause therein, or if there is a vacancy in such court by reason of death or resignation,

> the attorneys present and practicing in such court may elect a judge by ballot to hold such court during the absence of the judge thereof, or for the trial of the cause in which such judge cannot preside, or, in case of a vacancy by death or resignation, for the remainder of the term, unless the vacancy is sooner filled. Where the judge of such court is in attendance, no such election shall be held until the same shall be directed by him, by an order entered of record reciting the cause for such election and naming the cases in which it is necessary to have a special judge . . .

In the early case of *Winans* v. *Winans*, 22 W. Va. 678, it was held that this section was not in violation of the Constitution of this State and that "a special judge may be selected, as therein provided, to hold a *special* as well as a general or adjourned term of the circuit court . . ." The precise question presented here is of course whether a special judge may be selected by election or otherwise to preside over a particular case designated by the order of the regular judge when such election is held in the vacation of that court. The language of Section 10 above quoted that a special judge may "hold such court" and the other language used therein is not broad enough to cover the situation prevailing at the time the special judge was elected.

It is urged by counsel for the respondents that the Rules of Civil Procedure of this Court, adopted in 1960, applicable to trial courts of record in this State, enlarge the powers of special as well as regular judges. Specifically, Rules Nos. 1, 6(c), 63, 77(a), 78, and 81 are relied upon. It is true that these rules do broaden the procedural powers of courts of record of this State having civil jurisdiction but this Court has no authority under the Constitution of this State to fix the time for holding terms of court or to provide the manner in which a special judge may be selected. That authority has been by the Constitution of this State invested in the Legislature only. It may be that it was only due to an oversight that the applicable statutes do not provide for the

selection of a special judge in the vacation of a court but only the Legislature can supply that deficiency, if such it be. This Court cannot amend the pertinent section to achieve that end.

In *Barboursville v. Hereford,* 133 W. Va. 375, 56 S. E. 2d 206, this is the sole syllabus point: "A special judge of a circuit court, or other court of record of limited jurisdiction, duly selected by agreement, or elected, under the provisions of Code, 51-2-10, to hear and determine a particular case, has no power to enter an order or decree in vacation, unless so authorized by statute." While it is true that that case is not directly in point, the language of that syllabus point and of the opinion is persuasive upon the question at issue herein. This Court holds that the respondent special judge was selected in a manner not provided by statute and therefore that his election was void. It follows that he is without jurisdiction to preside over the habeas corpus proceeding pending in the Circuit Court of Lewis County and the writ of prohibition will be issued as prayed for.

*Writ awarded.*